# BROYLES *vs.* MADDOX.

[MOTION TO DISMISS APPEAL.]

1. *Appeal ; what not such a final judgment as will authorize.*—An order of the circuit court, setting aside a judgment and granting a new trial, under the act of December, 1868, entitled " An act to declare void certain judgments, and to grant new trials in certain cases therein mentioned, and to repeal §§ 2876 and 2877 of the Revised Code of Alabama," is not such a final judgment as will authorize an appeal to this court.

2. *Same ; when dismissed.*—An appeal to this court, on such an order, will be dismissed, on motion of appellee.

3. *Order granting new trial ; remedy to avoid, before final judgment.*—The remedy to avoid such an order before final judgment, is an application to this court, for a *mandamus* to require the court, or judge making such order, to vacate and set the same aside.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. W. L. WHITLOCK.

The facts will be found in the opinion. The appellee now moves the court to dismiss the appeal in this case, because there has been no final judgment rendered in the case.

M. J. TURNLEY, for appellant.
JOHN T. HEFLIN, *contra.*

[No briefs came into the hands of the reporter.]

PECK, C. J.—At the April term of the circuit court of Calhoun county, in the year 1867, the appellant, as plaintiff, recovered a judgment against the appellees, for the sum of $1726, besides costs.

This judgment was recovered on a note, given by the defendants to the plaintiff, in the year 1860, for a slave sold by plaintiff to them, with warranty of soundness. The note was due in the year 1861.

On the trial, the defendants set up the unsoundness of

the slave as a defense, and reserved exceptions to the charge of the court on that subject.

To revise this judgment, the defendants sued out an appeal to the June term of this court, in the said year 1867.

At the January term, 1868, the judgment was affirmed, and judgment rendered against the defendants, and one Isaac M. Ford, their surety for the costs of the appeal.

Afterwards, and after the passage of the act of the 17th of December, in the said year 1869, entitled "An act to declare void certain judgments, and to grant new trials in certain cases therein mentioned, and to repeal sections 2876 and 2877 of the Revised Code of Alabama," to-wit, at the April term of the circuit court of said county of Calhoun, the said court, on the application of said defendants, based on said act, set aside said judgment, and granted a new trial.

To the order and judgment of the court setting aside said judgment and granting a new trial, the plaintiff, the present appellee, excepted, had his bill of exceptions signed and sealed, and has brought the case here for revision, on appeal, and assigns the setting aside of said judgment and granting a new trial for error, and prays a reversal of said order and judgment of said circuit court.

The appellees have submitted a motion to dismiss this appeal, because the said order, setting aside said judgment and granting a new trial, is not such a final judgment as will authorize an appeal to this court.

At the last term of this court, we held that a decretal order of the chancellor setting aside a final decree in his court, and granting a rehearing, was not a final decree, and that no appeal could be taken on it.—*Sanders et al. v. Cabaniss.*

We are entirely satisfied with that decision, and it is decisive of this motion, and the appeal must be dismissed. There is no real difference in principle between that case and this.

The chancellor acted under, and by virtue of the said act of the 17th of December, 1868, in setting aside the decree in his court, and so did the circuit court, in this case, in setting aside a final judgment of his court, and

granting a new trial; they certainly had no other authority. The decree in the one case, and the judgment in the other, were each of them final, and the respective courts had adjourned long before the applications were made to set them aside. After the final adjournment of a court, its judgments and decrees become absolute and conclusive.

In the case of *Van Dyke v. The State*, 22 Ala. 54, this court says: "It is most unquestionably true, that after the final adjournment of this court, it ceases to have any power over its records, other than such as is incident to all courts of general jurisdiction, that of correcting clerical errors, where the record affords matter upon which to base such correction. After its final adjournment, its judgments are absolute and conclusive, and the court has no power over them."

In the case of *Sanders et al. v. Cabaniss, supra*, and the case of *Weaver et al. v. Lapsley*, also a case at the last term of this court, after mature deliberation, we decided that the said act of the 17th December, 1868, was unconstitutional and void; it, therefore, gave the circuit court no authority to set aside this judgment, and grant a new trial, and in doing so, a manifest error was committed, and, as we have decided such an error cannot be corrected by an appeal to this court, the inquiry arises, what is the proper remedy in such cases?

We think the proper and only remedy, before final judgment, is an application to this court for a *mandamus* to compel the judge or court, who has set aside a final judgment or decree, after the court has adjourned, and granted a rehearing or new trial, to vacate and set aside the order or decree granting such rehearing or new trial.

As there seems to be some doubt with the profession, as is manifest from the appeal in this case, as to what is the remedy to correct such an error, we consider this a suitable occasion to indicate the proper course to be pursued in such cases.

This court has decided, where no final judgment has been rendered, that a *mandamus* will be granted to compel the dismissal, on motion, of a suit brought by a non-resident, without first giving security for costs as required by the

statute.—*Ex parte Cole*, 28 Ala. 50, and *Ex parte Robins* 29 Ala. 71. We think these cases fully authorize the practice we have here indicated.

Let the appeal in this case be dismissed at the costs of appellant.