HATCHETT ET AL. *vs.* MILNER ET AL.

[APPEAL FROM ORDER OF CITY COURT, OVERRULING MOTION TO SET ASIDE
AN ORDER, MADE AT A PREVIOUS TERM, GRANTING A NEW TRIAL ON A
JUDGMENT IN SAID COURT, UNDER ORDINANCE NO. 38, OF CONVENTION OF
1867.]

1. *Appeal; what not such a final judgment as will support.*—An order of the
city court of Montgomery, overruling a motion to set aside an order of
said court, made at a previous term thereof, granting a new trial on a
judgment of that court under ordinance No. 39, of the covention of
1867, is not a final judgment, upon which an appeal can be taken. An
appeal on such an order will be dismissed, on motion of the appellee.
2. *Mandamus; remedy to avoid such order.*—The remedy to avoid such
an order, is an application to this court for a *mandamus* to require the
court, making such an order, to vacate and set aside the same.

APPEAL from City Court of Montgomery.
Tried before Hon. J. D. CUNNINGHAM.

The facts are sufficiently stated in the opinion. The
appellees submit a motion to dismiss the appeal, because
there has been no such final judgment in the court below,
as will authorize an appeal.

ELMORE & GUNTER, for appellants.
RICE, SEMPLE & GOLDTHWAITE, *contra.*

PECK, C. J.—In this case, the record shows that How-
ell Rose, now deceased, as plaintiff in the court below, the
city court of Montgomery, at the February term thereof,
in the year 1866, recovered a judgment by default, against
the appellees, for the sum of twenty-three hundred and
ninety-two dollars, upon a promissory note, without date,
but payable on the first day of January, 1862, for the sum
of eighteen hundred dollars, to said Rose or bearer, for
the hire of certain negro slaves named in said note.

The record further shows, that after the rendition of
said judgment, and after the death of said Rose, and, also,
after the appellants had been made parties to said judg-

ment, as the executors of the last will and testament of said Rose, to-wit : at the October term of said court, in the year 1868, on motion of appellees, the said judgment was set aside, and a new trial granted, because said note was given for the hire of slaves.

After this, to-wit, at the March term of said court, 1869, the appellants, as the executors of said Howell Rose, moved the said court to set aside and vacate the said order granting a new trial, and to strike said cause from docket.

This motion of appellants was overruled, and a bill of exceptions was signed and sealed at their instance, which states, that the order of the court, setting aside said judgment and granting a new trial, was made under the ordinance No. 39, of the convention of this State, entitled " An ordinance to declare void certain judgments, and to grant new trials in certain cases therein mentioned," passed the 6th day of December, 1867. It is ordained by the first section of said ordinance, " that in all cases where judgments have been rendered, on penal statutes, where the object was declared in the statute, to assist in carrying on the late war against the United States, such judgments be and the same are hereby declared void and inoperative."

The judgment set aside in this case, is not a judgment rendered on a penal statute.

The second section declares, " that parties against whom judgments or decrees were rendered in courts of record, after the 11th day of January, 1861, and up to the time of the adoption of this ordinance, shall be entitled to a new trial on application, where the judgments were obtained, or the decrees procured, on contracts made *during the time designated*, where it was agreed between the parties, or understood, that the same should be discharged by the payment of Confederate currency or treasury-notes ; *provided*, the court shall be satisfied, from all the facts submitted by affidavit, by both parties, that a good and meritorious defense exists," &c.

It no where appears in this record, either by affidavits or otherwise, that the note, in this case, was " *made during*

*the time designated*" in this section of the said ordinance.

The only evidence upon which the judgment was set aside and the trial granted, is the affidavit of W. C. Bibb, one of the appellees, that the said note was made for the hire of certain slaves, named in the note, and that the consideration of said note and of said judgment, was for the hire of slaves.

This affidavit discloses no meritorious defense. If the third section of ordinance number 3 of said convention was a valid ordinance, the affidavit of said Bibb would disclose a meritorious defense; but that ordinance has, by this court, at this term, been declared unconstitutional and void.—*McElvain et al. v. Mudd, Adm'r*, decided at this term.

The third section of this ordinance only authorizes new trials to be granted in the cases named in it, where the court is satisfied from all the facts that may be submitted, by both parties, that a good and meritorious defense exists.

We have seen that the affidavit] of the said W. C. Bibb does not disclose a meritorious defense, and that being the only evidence upon which the motion for a new trial was granted, it follows, that the new trial was unadvisedly and impropeily granted, and, therefore, the motion of appellants to set aside and vacate the order granting a new trial, should have prevailed ; and if we could revise the order and judgment of the said court below, overruling said motion, on appeal, we should not hesitate to reverse the order and judgment of said court, denying said motion. But we have held that an order, granting a new trial, is not such a final judgment as will support an appeal to this court, and that the remedy to avoid such an order, before final judgment, is an appllication to this court for a *mandamus*, to require the court, making such an order, to vacate and set aside the same, and that an appeal to this court, on such an order, will be dismissed on motion of the appellee.—*Broyles v. Maddox*, 43 Ala. 357.

The order and judgment of the said city court, upon which this appeal is taken, is not a final judgment.

By virtue of the order granting a new trial, the cause is still pending and undetermined in that court.

The remedy of the appellants, therefore, to avoid that order, is not an appeal, but, as in the case of *Broyles v. Maddox*, an application to this court for a *mandamus* to have it set aside and vacated. The motion of the appellees to dismiss this appeal, therefore, must be granted.

Let the appeal be dismissed at the costs of the appellants.