## MACFARLAND v. BROWN.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 331. Argued November 5, 1902.—Decided December 1, 1902.

A judgment or decree to be final, within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeals and writs of error, must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered. *Bostwick* v. *Brinkerhoff,* 106 U. S. 3, followed.

When, therefore, the Court of Appeals of the District of Columbia reverses an order of the Supreme Court of the District in proceedings for the con-

demnation of land under the act of Congress of March 3, 1899, 30 Stat. 1381, and remands the case to the lower court for further proceedings as directed by the statute, the decree of the Court of Appeals is not such a final judgment as is reviewable in this court and an appeal therefrom will be dismissed.

See also *Macfarland v. Byrnes* decided this term, p. 246, *post.*

UNDER the act of Congress entitled "An act for the extension of Pennsylvania avenue southeast, and for other purposes," approved March 3, 1899, 30 Stat. 1381, the Commissioners of the District of Columbia were by the terms of section 5 of said act "authorized and directed to institute by a petition in the Supreme Court of the District of Columbia, sitting as a District Court, a proceeding to condemn the land necessary for the extension and widening of Sherman avenue from Florida avenue to Whitney avenue with the uniform width of one hundred feet." The provisions of said section 5 are as follows:

"SEC. 5. That within ninety days after the approval of this act the Commissioners of the District of Columbia be, and they are hereby, authorized and directed to institute by a petition in the Supreme Court of the District of Columbia, sitting as a District Court, a proceeding to condemn the land necessary for the extension and widening of Sherman avenue from Florida avenue to Whitney avenue with the uniform width of one hundred feet.

"That of the amount found due and awarded for damages for and in respect of the land condemned under this act for the extension and widening of said Sherman avenue not less than one half thereof shall be assessed by said jury in said proceedings against those pieces or parcels of ground abutting on both sides of Sherman avenue, and the extension thereof as herein provided, to a distance of three hundred feet from the building lines on the east and west sides of Sherman avenue as widened and extended: *Provided,* That no assessment shall be made against those pieces or parcels of ground out of which land has already been dedicated to the District of Columbia for the purpose of widening Sherman avenue as herein provided for."

Under the authority thereby conferred a petition was filed by the Commissioners of the District of Columbia in the Su-

preme Court of the District of Columbia, sitting as a District Court, upon the 31st day of May, 1899, being No. 555 on the District Court docket, praying that the court direct the marshal of the District of Columbia to summon a jury of seven judicious, disinterested men, not related to any party interested, to be and appear on the premises on a day specified, to assess the damages, if any, which each owner of land through which Sherman avenue is proposed to be extended and widened, as aforesaid, may sustain by reason thereof, and that such other and further orders might be made and proceedings had as were contemplated by said act of Congress and by chapter XI of the Revised Statutes of the United States relating to the District of Columbia, to the end that a permanent right of way for the public over the said lands might be obtained and secured for the aforesaid extension and widening of Sherman avenue.

Upon this petition the said court on the 16th day of September, 1899, passed an order requiring interested parties to appear in said court on or before the 2d day of October, 1899, and show cause why the prayer of said petition should not be granted, and why the proceedings directed in said act of Congress should not be taken. Pursuant to such order, the jury were summoned and empaneled by the marshal, and upon the 7th day of February, 1900, were sworn according to law, and thereafter the said jury proceeded according to the provisions of chapter XI of the Revised Statutes of the United States relating to the District of Columbia, and having been upon the premises, in accordance with said statute, on the 1st day of May, A. D. 1900, made out their written verdict, which was signed by a majority of the said jurors. Upon the 9th day of May, 1900, the same was filed in the said court under the act of March 3, 1899.

Thereafter, on the 3d day of July, 1901, the trial court passed an order nisi confirming said verdict, and requiring all parties to appear and show cause on or before July 22 why such verdict should not be finally confirmed by the court. Upon July 22, 1901, the appellees, in response to said order, filed their exceptions to said verdict.

The court, having heard arguments upon the said exceptions,

on October 2, 1901, passed an order overruling the said exceptions and finally ratifying and confirming in all respects the said verdict.

Thereupon the appellees appealed the case to the Court of Appeals. The Court of Appeals reversed the trial court, from which decision the commissioners of the District of Columbia have appealed to this court.

*Mr. Andrew B. Duvall* and *Mr. Arthur H. O'Connor* for appellants. *Mr. Edward H. Thomas* was with them on the brief.

*Mr. Samuel Maddox* for appellees.

Mr. Justice Shiras, after making the foregoing statement, delivered the opinion of the court.

Whether those provisions of section 263 of the Revised Statutes of the District of Columbia which provide for a second jury are applicable to this proceeding under the act of March 3, 1899; whether, if entitled to a second jury, the appellees waived such right by filing, in the Supreme Court of the District, exceptions to the verdict and award of the first jury and by appealing from the order of that court, overruling their exceptions and affirming said verdict and award, to the Court of Appeals of the District; and whether it was the duty of the commissioners, and not the duty of the parties claiming to have been dissatisfied with the verdict, to demand a second jury, if a right to such jury exists, are important questions, and we can well understand why those who are entrusted with the administration of the law are anxious to have them speedily and finally determined.

But we are of opinion that the case is not before us in a condition to make it our duty to deal with those questions. The decree of the Court of Appeals, reversing the order of the Supreme Court, and remanding the cause to that court, " that proceedings may be taken and a jury of twelve ordered as directed by the statute," is not a final decree from which an appeal will lie to this court.

It is contended by the learned counsel of the appellants that the case is within the rulings of this court in *Phillips* v. *Negley*, 117 U. S. 665, and in *Humphries* v. *District of Columbia*, 174 U. S. 190. It is true that in the first of those cases this court entertained a writ of error to the Supreme Court of the District and reversed its judgment. But, in disposing of the question raised whether the judgment of the court below was or was not a final judgment, this court said :

"Interpreting the judgment of the general term by the opinion of the learned judge, who spoke for the court, *Phillips* v. *Negley*, 2 Mackey, 263, we must infer that it was intended to dismiss the appeal for want of jurisdiction to entertain it, on the ground that the order of the special term, vacating its own judgment, rendered at a previous term, was not only within the power of that court, but was so purely discretionary that it was not reviewable in an appellate court. The same consideration is urged upon us as a ground for dismissing the present writ of error for want of jurisdiction in this court, it being alleged that the order of the Supreme Court of the District at special term is one not only within the discretion of that court, but that, as it merely vacates a judgment for the purpose of a new trial upon the merits of the original action, it is not a final judgment, and, therefore, not reviewable on writ of error. If, properly considered, the order in question was an order in the cause, which the court had power to make at the term when it was made, the consequence may be admitted, that no appellate tribunal has jurisdiction to question its propriety ; for, if it had power to make it, and it was a power limited only by the discretion of the court making it, as in other cases of orders setting aside judgments at the same term at which they were rendered, and granting new trials, there would be nothing left for the jurisdiction of an appellate court to act upon. The vacating of a judgment and granting a new trial, in the exercise of an acknowledged jurisdiction, leaves no judgment in force to be reviewed. If, on the other hand, the order made was made without jurisdiction on the part of the court making it, then it is a proceeding which must be the subject of review by an appellate court. The question of the jurisdiction of this court to enter-

tain the present writ of error, therefore, necessarily involves the jurisdiction of the Supreme Court of the District, both at special and general term, and the nature and effect of the order brought into review, so that the question of our jurisdiction is necessarily included in the question of the validity of the proceeding itself.

"The legal proposition involved in the judgment complained of, and necessary to maintain it, is, that the Supreme Court of this District at special term has the same discretionary power over its judgments, rendered at a previous term of the court, without any motion or other proceeding to that end made or taken at that term, to set them aside and grant new trials of the actions in which they were rendered, which it has over judgments, when such proceedings are taken during the term at which they were rendered; and that this being true, the proceeding and order of the court, in the exercise of this jurisdiction and discretion, cannot be reviewed on appeal or writ of error."

The court proceeded to consider the question at length, and having determined that the Supreme Court of the District had no discretionary power to set aside judgments obtained at a previous term where no proceeding for that purpose had been taken at that term, held that the court had acted without jurisdiction, and that its judgment was void and reviewable on error.

The distinction between that case and the present one is, therefore, seen in the fact that, in the one, the Supreme Court of the District acted without jurisdiction, and in the other the Court of Appeals was in the regular exercise of its appellate power in reversing the judgment of the Supreme Court of the District and awarding further proceedings. Such action in the present case may have been erroneous, but if so we cannot correct it until brought before us by an appeal from a final judgment. The further proceedings may possibly reach such a result that neither party will desire an appeal.

In *Hume* v. *Bowie*, 148 U. S. 245, where this court dismissed a writ of error to the Supreme Court of the District of Columbia upon the ground that the judgment brought here by the writ was not a final judgment, the case of *Phillips* v. *Negley*

was considered, and the distinction between a judgment ordering a new trial when the court has jurisdiction to make such an order, and a judgment where such jurisdiction does not exist, was pointed out by the Chief Justice, and it was held that, in the former case, where jurisdiction existed, a judgment setting aside the judgment of the trial court, and awarding a new trial, is not a final judgment reviewable on error, and in the latter case, where jurisdiction had ceased to exist, by reason of lapse of time, a judgment awarding a new trial is without jurisdiction, would be an order in a new proceeding, and, in that view, final and reviewable.

The other case relied on, *Humphries* v. *District of Columbia,* was a case where, in the Supreme Court of the District, a verdict had been signed by all twelve of the jurors, but one of them was disabled by illness from being present in court when the verdict was delivered. Upon this verdict a judgment was entered. Proceedings in error were taken, but were dismissed by the Court of Appeals on account of a failure to have the bill of exceptions prepared in time. Thereafter, and at a succeeding term, the defendant, against whom judgment had been entered, filed a motion to vacate the judgment on the ground that there was no valid verdict, which motion was overruled. On appeal to the Court of Appeals this decision was reversed and the case remanded, with instructions to vacate the judgment, to set aside the verdict and award a new trial. This ruling was based on the proposition that the verdict was an absolute nullity, and therefore the judgment resting upon it void, and one which could be set aside at any subsequent term. This view of the nature of the verdict was not approved by this court, which held that the defect or irregularity in the rendering of the verdict was mere matter of error, and not one which affected the jurisdiction.

In the present case no attack is made on the jurisdiction of either the Supreme Court of the District or of the Court of Appeals. That the decree of the latter court was not meant to be final is shown by its language, which does not definitely adjudge the whole subject matter, but anticipates further action of the Supreme Court. The litigation of the parties on the

merits of the case has not been terminated. "The rule is well settled and of long standing that a judgment or decree to be final, within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeals and writs of error, must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered." *Bostwick* v. *Brinkerhoff*, 106 U. S. 3.

We do not overlook the fact that this statement of the law was made in a case where the appeal was taken directly from the decree of the trial court; but we think the principle on which the rule rests is applicable where the appeal is from the decree of an intermediate appellate court.

We are unwilling to make any departure from the rule that demands finality in a decree to render it subject to review on appeal. It would be very unfortunate if mere errors in the administration of statutes, of this character, not going to their validity, or to the jurisdiction of the courts below, could be brought here, from time to time, in advance of a final disposition of the controversy.

The appeal is

*Dismissed.*