STATE EX REL. ZIMMERMAN, Plaintiff in error, vs. EUCLIDE, Defendant in error.

*February 18—March 15, 1938.*

For the plaintiff in error there was a brief by *L. W. Bruemmer,* district attorney of Kewaunee county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Bruemmer* and *Mr. Messerschmidt.*

For the defendant in error there was a brief by *A. G. Murphy* of Kewaunee, attorney, and *G. F. Clifford* of Green Bay of counsel, and oral argument by *Mr. Clifford.*

FRITZ, J. Upon the writ of error herein the state seeks a reversal of the order setting aside a verdict and granting a new trial because the defendant's motion therefor was not decided within the period of sixty days as required by sec. 270.49, Stats., in civil actions. The state rightly contends that that requirement in sec. 270.49, Stats., is applicable in a bastardy action, because it is a civil and not a criminal action. That contention is in accord with our decision in *State ex rel. Mahnke v. Kablitz,* 217 Wis. 231, 235, 258 N. W. 840, that a bastardy action is a civil action even though the procedure at the commencement thereof and on the trial is similar in many respects to the procedure in prosecutions for the punishment of a public offense. The judgment sought in an action, rather than the procedure applicable therein, affords the basis for determining the nature thereof under the provisions in sec. 260.05, Stats., that—

"Actions are of two kinds, civil and criminal. A criminal action is prosecuted by the state against a person charged with a public offense, for the punishment thereof. Every other is a civil action."

However, as the order under review was made in a civil action, and as it is neither final nor in the nature of a final

judgment, it cannot be reviewed upon a writ of error. The issuance of a writ of error to review an order or judgment made in a civil action is governed by the provision in sec. 274.05, Stats., that—

"Writs of error may issue of course out of the supreme court at any time to review the order or judgment of any court discharging or remanding a person brought up by writ of *habeas corpus* and to review final judgments in actions triable by jury."

Under that provision the writ will not lie in a civil action to review an intermediate order or interlocutory judgment, excepting when it discharges or remands a person brought up by writ of *habeas corpus*.

"It is the established law of this state that a writ of error can only be prosecuted from a final judgment or an award in the nature of a final judgment in proceedings according to the course of the common law as it existed in the territory of Wisconsin at the time of the adoption of the state constitution." *Ogden v. State,* 162 Wis. 500, 502, 156 N. W. 476, and cases there cited.

There is, in so far as criminal actions are concerned, an exception to that rule by virtue of the provision in sub. (2) of sec. 358.06, Stats., that—

"When an application for a new trial under this section shall be refused a writ of error shall, on the application of the defendant, be issued from the supreme court to bring such matter before it; and upon such writ the supreme court shall have the power to review the order refusing to grant a new trial and render such judgment thereon as it may deem proper."

And likewise in criminal actions, the limitation under sec. 270.49, Stats., as to the sixty-day period within which a motion for a new trial must be decided, is not applicable because of the provision in sub. (1) of sec. 358.06, Stats., that—

"The circuit court may, at the term in which the trial of any indictment or information shall be had or within one

year thereafter, and in either case before or after judgment, on the petition or motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted or when it shall appear to the court that justice has not been done, and on such terms and conditions as the court may direct."

However, as the application of those provisions in subs. (1) and (2) of sec. 358.06, Stats., is confined to criminal actions, they are not applicable to the order made in the bastardy action which is involved here; and as the use of the writ of error under consideration to review an order so made in a civil action is unauthorized, the writ must be dismissed.

*By the Court.*—Writ dismissed.