## PHILLIPS v. MARVIN'S CREDIT, Inc.

### No. 154.

Municipal Court of Appeals for the
District of Columbia.

Jan. 26, 1944.

Abraham Cha fetz, of Washington, D. C.
(Milton M. Burke, of Washington, D. C., on
the brief), for appellant.

Jack Politz, of Washington, D. C., for
appellee.

Before RICHARDSON, Chief Judge,
and CAYTON and HOOD, Associate
Judges.

RICHARDSON, Chief Judge.

This was an action for conversion of
personal property. After a jury trial, plain-
tiff, appellant here, was awarded damages.
Thereafter, upon motion seasonably filed by
defendant, the court granted a new trial;
whereupon plaintiff appealed, claiming that
the allowance of the motion was an abuse
of judicial discretion.

At this stage of the case an appeal will
not lie. Our jurisdiction is defined by the
Act of April 1, 1942,[1] authorizing appeals
from "any final order or judgment." In-
terlocutory orders may not be appealed un-
less "the possession of property is changed
or affected." Under the rules of the trial
court a judgment is not entered on the ver-
dict of a jury until after expiration of the
time for filing a motion for new trial, or,
if such a motion is seasonably filed, until
after its disposition. Where, as here, the
motion was filed and granted, judgment
will not be entered until after a new trial
is had. Until then "there is no final judg-
ment from which an appeal lies."[2]

Except in a few jurisdictions where the
right of appeal has been extended by stat-
ute, the courts have adhered to this rule with
substantial uniformity.[3]

Appeal dismissed.

CAYTON, Associate Judge, concurs in
the result.

[1] Code 1940, § 11—772.

[2] East Erie Commercial R. Co. v. Denial,
3 Cir., 66 F.2d 555, 556.

[3] Cassin v. Ewald, 271 Ky. 595, 112 S.
W.2d 1000; Cook Coffee Co. v. Ewell, 128
N.J.L. 210, 24 A.2d 572; Fisk v. Henarie,
15 Or. 89, 13 P. 760; State ex rel. Zim-
merman v. Euclide, 227 Wis. 279, 278 N.W.
535; Hatchett v. Milner, 44 Ala. 224;
Wallace v. Middlebrook, 28 Conn. 464;
Williams v. La Valle, 64 Ill. 110.