STATE EX REL. SOWLE, Respondent, v. BRITTICH, Appellant.

*April 7—May 8, 1959.*

354

For the appellant there was a brief and oral argument by *N. Paley Phillips,* attorney, and *Bertram J. Hoffman* of counsel, both of Milwaukee.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, *C. Stanley Perry,* corporation counsel of Milwaukee county, and *W. Lee Cronin,* assistant corporation counsel, and oral argument by *Mr. Cronin* and *Mr. Platz.*

HALLOWS, J.   The defendant raises three questions: (1) Was the refusal to grant the defendant's request for a jury trial a violation of the defendant's constitutional rights; (2) did the court err in applying to this proceeding sec. 52.355, Stats., which changed the burden of proof in paternity cases from "beyond a reasonable doubt" to that of "clear and satisfactory evidence;" (3) does the evidence sustain the finding of the court?

What are now designated as paternity proceedings, but formerly as illegitimacy or bastardy proceedings, are in fact civil proceedings. Early in the history of this state such proceedings were recognized as purely statutory and not classifiable either as civil or criminal. Such proceedings were

considered neither fish nor fowl. To such characteristics of the proceedings as were similar to criminal actions the rules and practice of criminal actions were applied, and as to those characteristics as were similar to civil actions the rules of civil practice were applied. *Goyke v. State* (1908), 136 Wis. 557, 117 N. W. 1027, and cases cited therein. Earlier cases characterized these proceedings as not criminal but quasi-criminal proceedings. *Baker v. State* (1885), 65 Wis. 50, 26 N. W. 167; *State v. Mushied* (1860), 12 Wis. *561. Thus at one time it was held that such a proceeding could be brought before the supreme court for review by writ of error only and that the accused must be proved guilty beyond a reasonable doubt. *Windahl v. State* (1926), 189 Wis. 424, 207 N. W. 694.

In *State ex rel. Mahnke v. Kablitz* (1935), 217 Wis. 231, 258 N. W. 840, this court pointed out that the hybrid characteristics of the proceeding had created confusion and difficulty and in some respects the proceeding was governed by procedural rules more favorable to the defendant than those applicable to civil actions. However, these criminal-procedural rules did not make the proceeding a criminal action and the term "quasi criminal" applied to a paternity proceeding was misleading unless considered merely descriptive of the procedure. The court then stated the code defining civil and criminal actions made a paternity proceeding a civil action. This view of the nature of this statutory proceeding was affirmed in *State ex rel. Zimmerman v. Euclide* (1938), 227 Wis. 279, 278 N. W. 535, by applying the test that the judgment sought in an action, rather than the procedure applicable therein, afforded the basis for determining the nature thereof under sec. 260.05, Stats., although the court did not distinguish between an action and a proceeding.

The problem such as existed was set at rest in 1957 by the amendment of sec. 52.45, Stats. That section, following the reasoning of these later decisions of this court, provides that

a paternity proceeding "is a civil special proceeding." This section also upgraded the name and terminology of the proceeding by giving it such respectability as its subject matter would permit.

Since paternity proceedings are statutory in origin, they must be tried in the manner fixed by the legislature. *State ex rel. Lang v. Civil Court* (1938), 228 Wis. 411, 280 N. W. 347. The legislature in 1957, after this proceeding had been commenced by the issuance of the warrant and before the preliminary hearing was held, changed the manner or procedure by which a jury trial could be obtained or waived, and also changed the burden of proof required in such proceeding. The question now is: Are these changes applicable to this proceeding?

Trial by jury is guaranteed by the Wisconsin constitution in all cases at law. Sec. 5, art. I, provides:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law."

While the right of trial by jury is guaranteed, the constitution expressly provides that the right may be waived in the manner prescribed by law. This the legislature has done in paternity cases by sec. 52.35, Stats., in providing that a demand in such cases must be in writing at the time the defendant is bound over for trial or within twenty days thereafter, and any neglect to make such demand shall be a waiver of the right. Although this statute was in effect at the time the defendant was bound over, no such demand was made until almost a year later at the time of the trial.

This section is not inconsistent with the special act creating the civil court of Milwaukee county where this proceeding was tried. Under sec. 196–5.2, 44 W. S. A., p. 55, judges of the civil court have all the powers and jurisdiction of a

justice of the peace in paternity cases and the civil court has concurrent jurisdiction with the circuit court in such proceedings. This section of the special act also provides that paternity cases shall be tried by a 12-man jury unless it is waived by the defendant. By sec. 196–14.1 of the special act, 44 W. S. A., p. 65, the practice, pleadings, and proceedings in paternity cases are governed by ch. 64 (ch. 166) relating to proceedings in paternity cases. Ch. 166, Stats., is now secs. 52.21 to 52.45, Stats. 1957.

We need not decide whether sec. 196–19.2, 44 W. S. A., p. 74, of the special act is applicable to this proceeding. This section provides that either party to a civil action, upon first paying the clerk the sum of $12, may demand a jury trial provided such demand is made at the time of joining of the issue or twenty days thereafter, and any neglect thereof to make such demand shall be a waiver of the right to demand a trial by jury. Reference is made, however, to point out the manner of the waiver of the right to a jury trial in civil cases coming under that section.

The manner in which the right of a jury is exercised or waived is a matter of procedure. Sec. 52.35, Stats., providing the failure to demand a jury in writing at a certain point in the proceeding, constitutes a waiver of the right and is not an unreasonable regulation. What amounts to an unreasonable regulation is a matter of degree under the circumstances. In *Reliance Auto Repair Co. v. Nugent* (1915), 159 Wis. 488, 149 N. W. 377, this court held the provision of the Milwaukee County Civil Court Act requiring the party demanding a jury trial shall pay into court a jury fee of $12, to be recovered by him in the cost bill if successful in the action, was not an unreasonable regulation of the right. But in *La Bowe v. Balthazor* (1923), 180 Wis. 419, 193 N. W. 244, we held $2 for each juror on the panel was an infringement and the right of trial by jury was violated.

The exercise of the right to trial by jury and the waiver thereof have been the subject of court rules of this court. See *Petition of Doar* (1945), 248 Wis. 113, 21 N. W. (2d) 1. Rule 38 (b) of the Federal Rules of Civil Procedure, 28 USCA, p. 157, adopted by the supreme court of the United States, requires a demand not later than ten days after service of the last pleading directed to such issue, and the failure to so demand a jury and file the demand as required by Rule 5 (d) constitutes a waiver.

While the defendant has a right to a trial by jury, he has no vested right under the Wisconsin constitution to the manner or time in which that right may be exercised or waived. Those are procedural matters expressly left for determination by law. For requirements of demand of trial by jury see sec. 324.17, Stats., county courts; sec. 302.04, justice of peace courts; sec. 48.25, juvenile courts; and for the provisions on waiver of right, sec. 270.32 and sec. 270.28, civil cases; sec. 957.01, criminal cases.

The provisions of sec. 52.355, Stats., changing the burden of proof in paternity proceedings are procedural or a matter of evidence. The defendant has no vested rights in the rules of evidence. In *Wilhelm v. Columbian Knights* (1912), 149 Wis. 585, 136 N. W. 160, this court said:

"It is a well-established rule that the legislature may change rules of evidence even though such change affects pending cases."

Nor has the defendant any vested rights in a remedial statute. *Donaldson v. Chase Securities Corp.* (1943), 216 Minn. 269, 13 N. W. (2d) 1, 325 U. S. 304, 65 Sup. Ct. 1137, 89 L. Ed. 1619.

These sections are not *ex post facto* laws. The rule against *ex post facto* applies to criminal cases, which this paternity proceeding is not. In a paternity proceeding the defendant is not accused of a crime. The issue is whether the defend-

ant is or is not the father of the complainant's child. His status and relationship to the child are determined. He is not punished or tried for any crime.

The fact that a procedural and remedial statute applies to a civil action retrospectively does not render it unconstitutional. In *Steffen v. Little* (1957), 2 Wis. (2d) 350, 86 N. W. (2d) 622, the problem of retrospective application of such statutes was thoroughly analyzed. It was pointed out that, while statutes in general are construed prospectively, the general rule is that remedial and procedural statutes are retroactive unless the legislature has declared otherwise and if they do not impair contract rights or vested rights.

The defendant had no vested rights in the procedure regulating the waiver of a jury trial or in the burden of proof in this statutory proceeding. Sec. 52.35, Stats., merely established a new procedure for exercising the right of trial by jury, and sec. 52.355 changed a rule of evidence relating to the burden of proof. There can be no valid objection to applying them to an existing cause of action. The defendant was not deprived of his right to trial by jury or to his defense.

Sec. 990.04, Stats., has no application to this case. This section deals with laws which are repealed. Sec. 52.35 did not repeal any law but amended a statute by adding a provision, and sec. 52.355 created a new section. These sections, with the other amendments, were for the purpose of revising the paternity statutes as a supplement to the 1955 Children's Code. See ch. 296, Laws of 1957. Sec. 990.04 seeks to save liability for committed offenses, penalties and forfeitures incurred, and rights of action accrued, under the statute which is repealed. The rights contended for by the defendant are not of these classes.

In answering the third question raised by the defendant no good purpose would be served and it would be better for all concerned, including the unfortunate child of this situation,

if the evidence was not detailed or discussed here. The future happiness of an innocent child should not be jeopardized by recounting the transgressions of its illegitimate parents. To the credit of our modern social thinking, these cases have now been designated as paternity proceedings rather than by their former designation. The new designation more aptly characterizes the essence of the proceeding than the former billingsgate.

We have reviewed all the testimony in the record in the light of the burden of proof applicable to this proceeding. The burden of proof set up by sec. 52.355, Stats., of clear and satisfactory evidence is not unknown in our jurisprudence. The section defines it as greater than a clear preponderance of the evidence required in other civil cases but less than proof beyond a reasonable doubt required in criminal cases. The clear-and-satisfactory rule has been applied in civil cases and explained in many cases. See *Estate of Hatten* (1940), 233 Wis. 199, 288 N. W. 278; an excellent discussion in *Lepley v. Andersen* (1910), 142 Wis. 668, 125 N. W. 433; Anno. 33 L. R. A. (N. S.) 839; and Anno. 94 A. L. R. 1282.

Where the trial is to the court, the findings of fact will be sustained unless they are contrary to the great weight and clear preponderance of the evidence. *Estate of Eannelli* (1955), 269 Wis. 192, 68 N. W. (2d) 791, and cases cited in 1 Callaghan's Wis. Dig., Appeal and Error, p. 578, sec. 870.

We conclude that the findings of the trial court meet these tests and must be sustained.

*By the Court.*—Judgment affirmed.

DIETERICH, J., dissents.