Argued June 8, affirmed June 22, 1960

## STATE HIGHWAY COMMISSION *v.* NELSON ET AL

353 P. 2d 616

*Orval N. Thompson*, Albany, argued the cause for appellants. On the brief were Weatherford & Thompson, Albany, and Morley, Thomas & Orona, Lebanon.

*Leslie B. Hampton*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, L. I. Lindas, Assistant Attorney General and Chief Counsel for the State Highway Commission, Charles Peterson and Ted E. Barbera, Assistant Attorneys General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, GOODWIN and HOLMAN, Justices.

GOODWIN, J.

John D. Nelson and the other named defendants appeal from a judgment awarding them $2,800 in a condemnation proceeding brought by the Plaintiff State Highway Commission.

The parties will be referred to as the Commission and the owners. The only question presented in this appeal is whether the trial court erred in giving this instruction:

> "The burden of proving the highest and best use of the land and that just compensation is any sum in excess of $2,000 is in this case upon the defendants. It must be proven by a preponderance of the evidence as defined to you."

The figure of $2,000 appeared in the reply filed by the Commission. No allegation of value was made in the Commission's complaint. A figure of $9,372 was alleged in the owners' answer.

The owners contend in their briefs and argument that the placing of the burden of proof on the owners is unconstitutional because it places the owner at a disadvantage in comparison with the governmental entity which is taking the property. They cite cases from three jurisdictions in support of their contention.

·American courts have employed all the three possible rules with respect to burden of proof in condemnation cases:

(1) The taking agency has the burden of proving just compensation. It is the moving party and seeks to change the status quo. The condemnor therefore must prove all parts of its case. (Followed in Georgia, Mississippi, and Washington. Illinois and Kentucky also may be placed in this group for want of a further subdivision to fit their somewhat unusual procedural practices.)

(2) Neither party has a burden of proof. The measurement of just compensation involves a question of fact to be determined *in rem* and without adversary pleadings. This rule is based on the theory that the parties are not adversaries, therefore neither should have a greater burden of proof than the other. (Ohio.)

■ (3) When the taking agency is a governmental subdivision, it is presumed to have made a fair offer, and, accordingly, the landowner has the burden of proof that just compensation requires a sum greater than the amount conceded by the government. (So-called majority rule, followed by at least 24 states. 5 Nichols, Eminent Domain, § 18.5.)

It should be noted that the second and third rules are not represented as having application to condemnation actions by private persons or corporations.

All three rules regarding burden of proof have much to be said for them. Oregon is free to follow the rule best calculated to achieve a just result in cases involving the State of Oregon and the rights of its landowners. Two decisions indicate that Oregon has been following the majority rule without saying so directly. *State Highway Com. v. Bailey et al*, 212 Or

261, 319 P2d 906; *Highway Comm. v. Superbilt Mfg. Co.*, 204 Or 393, 281 P2d 707.

The legislature apparently assumed that Oregon followed the majority rule when it adopted Chapter 656 of Oregon Laws 1957, now ORS 366.380 (5). The statute provides:

> "After the evidence is heard, unless the case is submitted by both sides to the jury without argument, the defendant shall open and close the argument to the jury ＊ ＊ ＊."

■ The right to open and close the argument to the jury is the traditional right of the party having the burden of proof. In cases in which the sole issue is the measurement of just compensation, it is an exercise of sound discretion to allow the landowner to proceed with the evidence in the same order. *Highway Comm. v. Superbilt Mfg. Co.*, supra.

The constitutional guarantee that no person shall be deprived of his property without due process of law and just compensation is satisfied by all three possible rules concerning burden of proof. The jury is ordinarily instructed carefully on the definition of just compensation as applied to each particular case. The instruction excepted to in the instant case is only a small part of the entire charge to the jury which fully and fairly stated the law to be followed in reaching their verdict. There was no exception taken to any other part of the charge.

We hold that the majority rule is now, and has been, the law of Oregon. It is presumed that official duty has been regularly performed. ORS 41.360 (15). Negotiation for highway right of way is an official duty of the Commission. ORS 366.370 (1). The Commission is required to allege in its complaint the true

value of the real property taken, and the damage, if any, resulting from the appropriation thereof. ORS 366.380 (1).

The landowner, if he believes that the true cash value of his property, and the severance damage, if any, exceeds that alleged by the Commission, is required to make his allegation of value or damages in his answer. ORS 366.380 (3).

In view of the presumption that the Commission has acted regularly and fairly, there is nothing unreasonable in the requirement that the owner assume the burden of going forward with evidence to overcome the presumption. Due process of law requires the state to afford the owner a fair trial, not necessarily an advantageous trial.

The judgment is affirmed.