Argued February 9, affirmed February 21, 1961

## STATE HIGHWAY COMMISSION *v.* KROMWALL

359 P. 2d 907

*Leslie B. Hampton,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, Leonard I. Lindas and Charles Peterson, Assistant Attorneys General, Salem.

*Myron Enfield,* Salem, argued the cause for respondent. On the brief were Rhoten, Rhoten & Speerstra, Salem.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and Lusk, Justices.

ROSSMAN, J.

This is an appeal by the State of Oregon, acting through its Highway Commission, from an order of the circuit court which sustained the defendant's motion (1) to vacate the judgment previously entered in this cause and (2) to grant a new trial. The action which gave rise to the challenged order was instituted by the state under its eminent domain powers to acquire for highway construction purposes a parcel of real property owned by the defendant. The state contended that the property's value was no more than $9,800 and offered the defendant that sum of money. The defendant averred that the property's value was $15,300. Upon the trial two witnesses testified for the state upon the subject of value; the one who placed upon the property the greater value estimated it as $9,800. The jury's verdict was in that sum.

The instructions told the jury:

"By a 'preponderance of the evidence' is meant, evidence of a quantity and quality which in your estimation outweighs the conflicting evidence. This, however, does not mean that the evidence must be such as to produce absolute certainty in your minds, because moral certainty only is required, or that degree of proof which produces conviction in an unprejudiced mind."

*Cook v. Michael,* 214 Or 513, 330 P2d 1026, states:

"* * * we hold that it is not proper in a civil case to refer to that part of ORS 41.250 which reads 'moral certainty only is required or that degree of proof which produces conviction in an unprejudiced mind.' "

In view of that holding the state concedes that the trial judge's instruction to the jury, which we quoted, was erroneous. Because of that error the trial judge sustained the defendant's motion for a new trial.

The state argues that the erroneous instruction was non-prejudicial and that therefore a new trial should not have been awarded.

In *State Highway Commission v. Nelson,* 222 Or 458, 353 P2d 616, Mr. Justice GOODWIN, after reviewing the manner in which the rule governing the burden of proof is phrased in eminent domain proceedings in the various jurisdictions, expressed the majority rule in this way:

> "When the taking agency is a governmental subdivision, it is presumed to have made a fair offer, and, accordingly, the landowner has the burden of proof that just compensation requires a sum greater than the amount conceded by the government.  *  *  *"

The opinion stated:

> "The landowner, if he believes that the true cash value of his property  *  *  *  exceeds that alleged by the Commission, is required to make his allegation of value or damages in his answer. ORS 366.380 (3).
>
> "In view of the presumption that the Commission has acted regularly and fairly, there is nothing unreasonable in the requirement that the owner assume the burden of going forward with evidence to overcome the presumption.  *  *  *"

The state cites *Warner v. Mitchell Bros. Trucking Lines,* 221 Or 544, 352 P2d 156; *Oien v. Bourassa,* 221 Or 359, 351 P2d 703; and *Galer v. Weyerhaeuser Tim-*

*ber Co.,* 218 Or 152, 344 P2d 544, in support of a contention that the error just mentioned was not prejudicial. The instructions in the Galer case at one place spoke of a need of conviction to a moral certainty, but in several other places, more specifically where they dealt with specific fact situations, told the jury that a preponderance of evidence sufficed. Moreover, no order granting a new trial was entered in that case. The Warner decision mentioned that an instruction in the form which was recognized as non-erroneous prior to *Cook v. Michael,* supra, was given, but added "additional instructions were given on the preponderance rule in which the objectional words were not used." No order had been made awarding a new trial. As the state's brief recognizes, "It is more difficult to obtain a reversal of an order granting a new trial than of an order denying a new trial." In the Oien decision the prejudicial effect of the instructions requiring conviction to a moral certainty appeared with reasonable certainty and reversal on account of that erroneous instruction was not the sole basis of this court's action. There were several others.

In view of the fact that the instructions told the jurors that they must be satisfied to a moral certainty, some who believed that the property's value was more than $9,800 may have been deterred from voting for the greater sum due to a lack of persuasion to a moral certainty upon any amount more than $9,800. The trial judge evidently was satisfied to that effect when he ordered a new trial, for he would not have sustained the defendant's motion unless he believed that the erroneous instruction had prejudiced the defendant. The trial judge was familiar with the atmosphere of the trial and with the issues produced by the conflicts in the evidence. He was in a better position than

we are to have known the effect upon the issues of the instructions which he gave. Since he ordered a new trial he manifestly believed that his challenged instruction was not only erroneous but also prejudicial. We defer to his views.

Affirmed.