403 P.2d 859 (1965)
ALLEN STEEL SUPPLY CO., Plaintiff-Respondent,
v.
Guy R. BRADLEY, Defendant-Appellant.
No. 9387.
Supreme Court of Idaho.
July 23, 1965.
Vernon K. Smith, Boise, for appellant.
C. H. Higer, Emmett, amicus curiae.
Clemons, Skiles & Green, Boise, for respondent.
Allan G. Shepard, Atty. Gen., and Richard E. Weston, Asst. Atty. Gen., Boise, amicus curiae.
*860 McFADDEN, Justice.
Appellant heretofore petitioned for rehearing of this cause, which petition was denied; thereafter, appellant petitioned for recall of the remittitur, asserting that there is an irreconcilable conflict between the authority of the legislature and of this court to promulgate rules of procedure in the courts of this state. The issue presented was considered by this court not only in the instant cause, but also in R. E. W. Const. Co. v. District Court of Third Jud. Dist., 88 Idaho 426, 400 P.2d 390. Because of its importance to the members of the bench and bar and to litigants, this issue has again been examined.
The legislature enacted I.C. § 1-212 to § 1-215 incl., in 1941 (S.L.1941, Ch. 90), which act recognizes the inherent power of the Supreme Court to make rules governing procedure in all courts of this state, and that:
"Such rules, when adopted by the said Supreme Court shall take effect six months after their promulgation and thereafter all laws in conflict therewith shall be of no further force or effect."
This Court adopted the Idaho Rules of Civil Procedure, and § 86 thereof provides:
"These rules shall take effect on November 1st, 1958, and thereafter all laws and rules of Civil Procedure in conflict therewith shall be of no further force or effect. * * *"
(Note, however, the exception provided by I.R.C.P. 81 (a) as to special statutory proceedings.)
In the case of State ex rel. Blood v. Gibson Circuit Court (1959), 239 Ind. 394, 157 N.E.2d 475, the Supreme Court of Indiana was faced with a similar problem of whether the legislature still had rule making power after it had enacted a statute similar to S.L.1941, Ch. 90. There that court in language most appropriate here stated:
"In order to remove any conflict which would inevitably result from both the Legislature and the Supreme Court promulgating rules of procedure, and to fix responsibility therefor exclusively in the Supreme Court, the Legislature enacted § 1, ch. 91 of the Acts of 1937, being § 2-4718, Burns' 1946 Replacement, which provides, in pertinent part, as follows:
`The Supreme Court shall have the power to adopt, amend and rescind rules of court which shall govern and control practice and procedure in all the courts of this state; such rules to be promulgated and to take effect under such rules as the Supreme Court shall adopt, and thereafter all laws in conflict therewith shall be of no further force or effect.'
"By the enactment of this statute the Legislature surrendered and abandoned any rights it might have had under Art. 7, § 4, of the Constitution of Indiana, to impose `regulations and restrictions' upon the jurisdiction of the Supreme Court with respect to `rules of court which shall govern and control practice and procedure in all the courts of this state.' Such statute also conferred upon the Supreme Court the power to adopt, amend and rescind rules of court governing and controlling practice and procedure in all courts of the State, and provided that after promulgation of such rules by this court `all laws in conflict therewith shall be of no further force or effect.'"
It is our conclusion that the result reached by the Supreme Court of Indiana in State ex rel. Blood v. Gibson Circuit Court, supra, is correct. By S.L.1941, Ch. 90, the legislature abdicated the rule making power, which is neither exclusively a legislative nor a judicial power.
Finally appellant in essence contends that Idaho Const. Art. 1, § 7, requires that the waiver of a jury trial in a civil action can be accomplished only by the consent of the parties in a manner as may be prescribed by law; that the phrase as *861 "prescribed by law" means as prescribed by the legislature, and hence I.R.C.P. 38(d) is ineffective to abrogate the provisions of what was formerly I.C. § 10-301. This, however, is not the case. The `method of waiving of a jury trial is recognized as a procedural matter. State ex rel. Sowle v. Brittich (1959), 7 Wis.2d 353, 96 N.W.2d 337; Hayworth v. Bromwell (1959), 239 Ind. 430, 158 N.E.2d 285; Englehardt v. Bell & Howell Co. (C.C.A.8 1962) 299 F.2d 480. The method of expressing consent to waiver of a jury trial being procedural, it follows that under the provisions of I.C. § 1-215, the Supreme Court in enacting I.R.C.P. 38(d) effectively superceded and abrogated the provisions of what was formerly I.C. § 10-301, and it was done in accordance with law by the legislature enacting S.L.1941, Ch. 90, now I.C. §§ 1-212 to 1-215 incl.
The petition to withdraw remittitur is denied.
McQUADE, C. J., and TAYLOR and SMITH, JJ., concur.
KNUDSON, J., adheres to opinions previously expressed.