BERG and wife, Respondents, v. BOARD OF REGENTS OF STATE UNIVERSITIES, Appellant.

*No. 39.   Argued October 29, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 653.)

658

For the appellant the cause was argued by *Charles A. Bleck,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondents there was a brief by *Howard F. Thedinga* of Menomonie, and by *Betz & LeBarron* of Eau Claire, attorneys, and *Frank E. Betz* of counsel, and oral argument by *Frank E. Betz.*

HEFFERNAN, J. One encyclopedia in reviewing cases involving the problem of burden of proof in eminent domain cases concluded:

> "The decisions of the various courts are hopelessly in conflict as to the question of where lies the burden of proving the value of land taken in condemnation proceedings, and much of the conflict results from the particular constitutional and statutory provisions in question." 29A C. J. S., *Eminent Domain,* p. 1169, sec. 271.

In Wisconsin the pertinent statute is sec. 32.06 (10), Stats., dealing with appeals by either the condemnor or condemnee from an award of the condemnation commissioners. That section, in part, provides:

> "The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein, but the only issues to be tried shall be questions of title, if any . . . and . . . just compensation to be paid by condemnor . . . ."

In *Loeb v. Board of Regents* (1965), 29 Wis. 2d 159, 164, 138 N. W. 2d 227, we interpreted the legislative intent implicit in that section. We said:

"The effect of designating the condemnee as plaintiff with the right to open and close, and proceeding subject to provisions of law relating to actions brought in circuit court is to allocate the burden of proof to the property owner."

Both the condemnor and condemnee agree that the effect of the statute, as we stated in *Loeb,* is to place the burden upon the landowner. The landowners herein contend that, even though it be conceded that the statute appears to place the burden upon the landowner, such interpretation, when the condemnor appeals, is unreasonable and arbitrary, and is violative of the rule we stated in *Loeb,* at page 164, that, "A party seeking judicial process to advance his position carries the burden of proof."

This is certainly the general rule, but is it applicable when the legislature has spoken to the contrary? In other words, is the rule allocating the burden of proof so sacrosanct either by reason or the constitution that it cannot be modified legislatively? McCormick in his treatise on evidence, after a discussion of the effect of the allocation of the burden of proof on the outcome of litigation, concludes that the importance of the burden of proof is often exaggerated. He states:

". . . it is believed that the mere allocation of the burden of persuasion should be regarded as a matter of procedure and one of subordinate consequence. . . . it is submitted that a misdirection as to the burden of persuasion should be assumed by the upper court not to have influenced the verdict unless special reasons appear . . . ." McCormick, *Evidence* (hornbook series), ch. 36, p. 686, sec. 322.

Wigmore in his treatise on evidence points out that, aside from a very few constitutional rules (he points out the privilege against self-incrimination, the right of

confrontation of witnesses, the rule of two witnesses in treason, the right of compulsory process to compel attendance of witnesses, and the privilege to testify irrespective of theological belief), "the *Legislature has the power* to alter or create any rule of Evidence." 1 Wigmore, *Evidence* (3d ed.), p. 208, sec. 7. He also states:

"There can be no vested right in a rule of Evidence. Those rules are merely methods for ascertaining facts. It must be supposed that a change of the law merely makes it more likely that the fact will be truly ascertained . . . ." Wigmore, *supra,* page 212.

As a part of the process for determination of asserted facts, the allocation of the burden of proof is a rule of evidence that can, subject to a very few constitutional limitations not applicable here, be altered by legislative enactment.

Wisconsin, too, has followed this rationale. In *State ex rel. Sowle v. Brittich* (1959), 7 Wis. 2d 353, 360, 96 N. W. 2d 337, this court stated:

"The provisions of sec. 52.355, Stats., changing the burden of proof in paternity proceedings are procedural or a matter of evidence. The defendant has no vested rights in the rules of evidence."

The court quoted with approval the statement of *Wilhelm v. Columbian Knights* (1912), 149 Wis. 585, 136 N. W. 160:

" 'It is a well-established rule that the legislature may change rules of evidence even though such change affects pending cases.' "

It is thus apparent that it was within the power of the legislature to enact a statute that altered or changed the burden of proof if it so desired.

The dependence of condemnation procedure upon the legislative enactments is set forth in 6 Nichols, *Eminent Domain* (3d ed., 1965), pp. 2–4, sec. 24.1:

"The procedure for the appropriation of land for public use, depending as it does entirely upon statutory law, differs so widely in the different jurisdictions that the decisions of the courts of any one state upon this subject are of little value in other jurisdictions, in which the statutes and practice, as well as the customs and traditions, may be entirely different. To cite a decision of the highest court of a state, which really involves only the interpretation of a particular statute, as laying down a general rule applicable in other states in which there is no statute, or a wholly different one, upon the exact point involved is, to say the least, misleading."

Nichols, however, points out that the law of most jurisdictions assigns the burden of proof to the landowner upon an appeal from an award. He states:

"From the rule that an award is vacated by appeal and cannot be considered by the jury in determining damages, it follows that the burden of proof of establishing his right to substantial compensation is upon the owner, even if he is the defendant or respondent in the proceedings, since it is clear . . . that if no evidence were introduced by either party, the jury would have no basis upon which to fix the compensation and would be bound to award nominal damages only. Accordingly it is the law in most jurisdictions that the burden of proof is upon the owner to establish his right to recover more than nominal damages even when his land is taken . . . ." 5 Nichols, *Eminent Domain* (3d ed., 1952), pp. 293, 298, sec. 18.5.

It is apparent that this rationale is applicable under the Wisconsin statutes where the trial in the circuit court is de novo, and the amount of the commission's award must be withheld from the jury, its only relevance after appeal being the basis for the assessment of costs under sec. 32.06 (10) (a) and (b), Stats.

The Minnesota Supreme Court in *Minneapolis-St. Paul Sanitary Dist. v. Fitzpatrick* (1937), 201 Minn. 442, 448, 277 N. W. 394, had occasion to consider a condemnation statute similar, at least in respect to the issue in this case, to Wisconsin Stats., sec. 32.06 (10). The court therein pointed out:

"As the landowner, under our practice, occupies the position of plaintiff and has the right to open and close (2 Dunnell, Minn. Dig. [2d ed.] sec. 3111 . . . ."

In its opinion the Minnesota court stated, at page 460:

"Defendant [condemnor] made timely request for an instruction that the burden of proof as to plaintiff's damages rested upon him. It was refused. We have already referred to the fact that the landowner occupies the position of plaintiff and as such has the right to open and close. Like any other action for recovery of damages, he who claims such has the burden of proving them. That, too, was plaintiff's situation. The question of damages going to him by the condemnation was the only question for the jury's consideration and determination.

"This court in Minnesota Valley R. Co. v. Doran, 17 Minn. 162, 166 (188), where the same point was involved, said: 'The analogy is perfect between this case and an action for unliquidated damages or breach of contract in which the defendant claims a set-off by way of recoupment, . . . in which there could be no question that the affirmative of the issue was on the plaintiff,' hence his right to open and close."

The majority rule that, on appeal from an award, the burden of proof is upon the landowner, was adopted by the Oregon court in 1960 in *State Highway Comm. v. Nelson* (1960), 222 Or. 458, 353 Pac. 2d 616. The statement of the rule adopted embodies a different rationale than that relied upon by the Minnesota court. In *Nelson*, the Oregon court stated, at page 460:

"When the taking agency is a governmental subdivision, it is presumed to have made a fair offer, and, accord-

ingly, the landowner has the burden of proof that just compensation requires a sum greater than the amount conceded by the government. (So-called majority rule, followed by at least 24 states. 5 Nichols, Eminent Domain, sec. 18.5)"

The Oregon case of *State Highway Comm. v. Nelson, supra,* also disposes of the question raised herein by the landowners that to put the burden on them violates the fourteenth amendment guaranty of due process. The Oregon court stated that, irrespective of the allocation of burden of proof, there was no fourteenth amendment question involved since the condemnation procedure required a proper jury instruction on what constitutes just compensation.

This court has heretofore comprehensively discussed the constitutionality of the condemnation procedure required by sec. 32.06, Stats. In *Loeb v. Board of Regents, supra,* at pages 164, 165, we said:

"The condemnor must determine the necessity for the taking, make an appraisal of the property, attempt to negotiate a sale, and make a jurisdictional offer before the condemnees must act at all. Then the condemnees may reject the offer, force the condemnor to a hearing before the condemnation commission, appeal to circuit court, and appeal to the supreme court before condemnation procedures are completed. This elaborate procedure is inherently fair, and when that is coupled with the well-recognized presumption that condemnation awards are made in good faith by public officials entrusted with that duty, we cannot say that the due-process clause of the Fourteenth amendment, United States constitution, or sec. 13, art. I, Wisconsin constitution, has been violated. In *State ex rel. Thomson v. Giessel, supra,* we held that due process is satisfied if the condemnees have the right to have their damages determined by the courts."

We thus conclude that it was well within the authority of the legislature to establish a rule placing the burden of proving what is just compensation upon

the landowner. Such rule conforms to the reality of the situation (that the landowner is claiming redress of damages for the deprivation of use and title) and comports with the principles of fair play under the due process requirements of the fourteenth amendment to the United States Constitution and art. I, sec. 13, of the Wisconsin Constitution.

Inasmuch as the trial court based its order for a new trial upon an erroneous rule of the law, its order must be reversed.

*By the Court.*—Order reversed, and cause remanded for the purpose of entering judgment on the verdict of the jury. No costs are taxed on this appeal.