Argued January 13, affirmed January 20, 1954

STATE OF OREGON *v.* VAUGHN

265 P. 2d 249

*Donald H. Joyce,* of Portland, argued the cause and filed a brief for appellant.

*J. Raymond Carskadon,* Deputy District Attorney, of Portland, argued the cause for respondent. With him on the brief were John B. McCourt, District Attorney for Multnomah County, Charles E. Raymond and Charles W. Robison, Deputy District Attorneys, of Portland.

PERRY, J.

The defendant in this case was convicted of assault while armed with a dangerous weapon. The jury was duly instructed by the trial court and no exceptions to the instructions as given or to the refusal to give requested instructions were taken by the defendant. After the jury had retired, and during its deliberations, through the bailiff the jury addressed to the court two requests: (1) To have the word "feloniously" redefined, and (2) to have the testimony read as to when the defendant picked up the stick [dangerous weapon], before, after or during the dog fight. The trial court in answer to the request made the following statement:

"I defined the term feloniously to you. It was not an involved definition. I think you surely must remember that definition.

"As to reading the testimony, it seems difficult to disassociate certain excerpts of the testimony to directly answer probably what is in your minds. It is difficult to know just exactly what is in your minds and to try to pick up certain parts disassociated might convey the wrong notion and the wrong idea, so I believe it better, it is fairer to both sides, to the State and to the defendant, that I require you to rely on your recollection and remembrance as to the definition of felonious or feloniously, and as to the time when the stick was picked up, that is, whether it was before, during or after the dog fight.

"So I will ask you to resume your deliberations."

The refusal of the court to redefine the word "feloniously" or to have read certain testimony pertaining to the time of the taking up of the alleged dangerous weapon, to which an exception was taken by the defendant, is assigned as error.

■ The defendant contends that he had an absolute right to have the court redefine the word "feloniously" upon the request of the jury, relying upon § 5-313, OCLA, now ORS 17.325, which reads as follows:

"After the jury have retired for deliberation, if they desire to be informed of any point of law arising in the case, they may require the officer having them in charge to conduct them into court. Upon their being brought into court, the information required shall be given in the presence of or after notice to the parties or their attorneys."

It is to be noted that the mandatory obligation of the statute is that if any information as to the law is given by the trial court it shall be given in the presence of the attorneys or after due notice has been given to the parties or their attorneys. This statute does not in itself require the court to reinstruct a jury. It is, of course, necessary that the court state to the jury all matters of law which it thinks necessary for their information in giving their verdict. § 5-308, OCLA, now ORS 17.255. This was done by the trial court in its charge to the jury at the conclusion of the trial, and the word "feloniously" was defined in words as follows:

"Feloniously means with criminal intent and intent to commit the crime charged."

When the trial court has given to the jury an adequate instruction upon a specific issue in the case and thereafter the jury requests the court to "reinstruct" upon that issue, the giving of such further instruction rests in the sound discretion of the trial court. *State v. Johnston*, 221 Iowa 933, 267 NW 698.

The defendant does not point out wherein he was prejudiced by the trial court's refusal to redefine the word "feloniously", and we are unable to discover wherein he was prejudiced.

■ The defendant also contends that as a matter of law he was entitled to have the request of the jury as to certain desired testimony read to them.

Some courts have held to the rule that error was committed by a trial court in permitting a portion of the testimony given at the trial to be read to a jury after a jury had retired to deliberate. *Hersey v. Tully,* 8 Colo App 110, 44 P 854; *Padgitt v. Moll,* 159 Mo 143, 60 SW 121, 52 LRA 854, 81 Am St Rep 347. The better rule, however, seems to be that whether in a particular case certain portions of the testimony should be read to a jury rests in the discretion of the trial court (*Bannen v. State,* 115 Wis 317, 91 NW 107; *State v. Manning* 75 Vt. 185, 54 A 181), and this state conforms to this rule. *State v. Jennings,* 131 Or 455, 282 P 560.

Thus by rule of law and not by statute the trial court is permitted in its discretion to grant a jury's request to have their recollection of the evidence refreshed, and the dereliction of a legal duty of the trial court in either event [the permitting or the refusing to permit information as to testimony already given] would arise only in case of abuse of legal discretion in either particular.

It is not pointed out to us by the defendant wherein the jury would be misled or confused by this action of the trial court to his prejudice. We have carefully read the transcript of the evidence, and it does not appear to us to have been material, or that it could have in any way affected a change in the verdict of the jury, whether the dangerous weapon was "picked up" before, during or after the dog fight started.

Finding no error, the cause must be affirmed.