Submitted June 5, affirmed June 19, 1957

# SHEARER *v.* LANTZ
312 P. 2d 581

Maynard Wilson, Cottage Grove, and George Goodrich, Tillamook, filed a brief for appellant.

McMinimee & Kaufman, Tillamook, filed a brief for respondent.

Before PERRY, Chief Justice, and ROSSMAN, LUSK and WARNER, Justices.

PER CURIAM.

Plaintiff has appealed from an adverse judgment following a jury verdict in a personal injury action growing out of a collision between two automobiles.

■ The plaintiff's brief presents nothing for the consideration of this court. It contains two purported assignments of error. The first reads:

> "The Court erred in failing to grant a new trial for the reason that the jury's verdict was against the law, and that there was no evidence to support such a verdict."

Denial of a motion for a new trial based upon alleged errors committed on the trial, of which errors the appellant had knowledge at the time, may not be assigned as error on appeal. *Sullivan v. Carpenter,* 184 Or 485, 494, 199 P2d 655.

The second assignment of error reads:

> "The Court erred in failing to charge the jury that the negligence of the Defendant, combined with the negligence of both the other parties proximately causing the accident, would cause said Defendant to be liable."

■ The assignment of error does not comply with Rule 13, subdiv. 3 a, of the rules of this court in effect at the time the appeal in this case was taken, to wit, November 9, 1954, which required, as do the present rules of this court, that an assignment of error based upon failure to give a requested instruction must set out the requested instruction haec verba. This may be because there was no such requested instruction within the meaning of our decisions. After the jury had been instructed and had retired the court advised counsel that they might state their exceptions, whereupon counsel for the plaintiff said "there was no instruction at any time which completely stated that even though all three of them were negligent the plaintiff could recover, and that negligence contributed to the accident." He further stated that he felt "such instructions should have been given." The words "all three of them" apparently refer to the defendant, to the defendant's husband who was operating the car in which the plaintiff was riding, and to the driver of another car involved in the accident. The established rule in this jurisdiction is thus stated in *Diller v. Riverview Dairy*, 133 Or 442, 449, 288 P 401:

> "If counsel desires instructions on any particular point, he must so request at a seasonable time, and he can not sit by while the jury is being charged, and then complain because some particular instruction was not given or point covered."

Besides, the desired instruction, as stated by counsel for the plaintiff, was bad in form. See *Mason v. Allen*, 183 Or 638, 648, 195 P2d 717.

The judgment is affirmed.