Argued April 6, reversed and remanded April 20, 1960

# OIEN *v.* BOURASSA
351 P. 2d 703

*Gordon G. Carlson* argued the cause for appellant. On the brief were Yates, Murphy & Carlson, Roseburg.

*Donald A. Dole* argued the cause for respondent. On the brief were Long, Neuner & Dole and Eldon F. Caley, Roseburg.

Before McAllister, Chief Justice, and Rossman, Goodwin and Harris, Justices.

HARRIS, J. (Pro Tempore)

This is an action by plaintiff, Louise Oien, against the defendant, Donald A. Bourassa, for personal injury. Subsequent to verdict and judgment in favor of defendant, plaintiff moved for a new trial. Plaintiff appeals from the judgment and from an adverse ruling on the motion for a new trial.

On May 8, 1957, plaintiff was a passenger in an automobile owned and being operated by her husband (hereinafter referred to as plaintiff's car) in a southerly direction on highway 99 at a point approximately two miles south of the city of Winston, Oregon. Defendant was at said time and place operating an International logging truck and trailer loaded with logs, also in a southerly direction. Plaintiff claims that after her car was driven into the left lane of travel in order to overtake and pass the logging truck and as her car overtook and came opposite, the defendant drove his truck over into the left lane and into the side of plaintiff's car. Plaintiff alleges defendant was guilty of negligence in five specifications. Defendant denies negligence on his part and alleges that when he attempted to turn left from the highway into the property of the Roseburg Lumber Company, plaintiff's car was driven in the left lane of travel in order to overtake and pass defendant's truck, and a collision occurred. Plaintiff alleges defendant was negligent in the following particulars:

"1. That at said time and place the defendant negligently and carelessly failed to keep a lookout for motor vehicles overtaking and passing his log truck and trailer and particularly the vehicle being operated by the plaintiff's husband.

"2. That at said time and place the defendant negligently and carelessly failed to keep his log truck and trailer under control.

"3. That at said time and place the defendant negligently and carelessly operated his said log truck and trailer at a speed which was greater than was reasonable or prudent considering the traffic, surface and width of the highway and other conditions then and there existing.

"4. That at said time and place the defendant negligently and carelessly turned his log truck and trailer from a direct line without first seeing that such movement could be made with safety.

"5. That at said time and place the defendant negligently and carelessly turned his log truck and trailer to the left across the center line of the highway into the northbound lane of said highway without giving a proper signal or any signal of his intention to make such movement."

Plaintiff's assignments of error complain of instructions given by the court, the failure of the court to give certain requested instructions, and the court's overruling objections to the admissibility of certain evidence. Plaintiff also assigns as error the order overruling her motion for a new trial.

■ One of plaintiff's assignments of error is as follows:

"The court erred in giving the following instruction:

" 'Evidence is deemed to be satisfactory only if it produces moral certainty or conviction in an unprejudiced mind. Only such evidence as produces moral certainty or conviction is sufficient to justify a verdict. Any evidence less than this is insufficient.'

"Plaintiff excepted as follows:

" 'Plaintiff excepts to the definition of satisfactory evidence given by the court as being only that evidence which produces moral certainty.' "

In *Cook v. Michael*, 214 Or 513, 330 P2d 1026, decided after the trial of the instant cause, this court in a carefully considered opinion written by Mr. Justice O'CONNELL held it was erroneous to give, in a civil case, an instruction such as that challenged by this assignment of error. The court in *Cook v. Michael*, supra, at p 524, stated:

> "We are of the opinion that in a civil case an instruction which describes the proponent's onus of proof in terms of the definition set out in ORS 41.110 imposes too great a burden upon him. For this reason it would be error for the trial court to so instruct the jury. * * * We regard ORS 41.110 as a legislative attempt to define more specifically the term 'reasonable doubt' found in ORS 17.250 and therefore that ORS 41.110 must be confined to criminal cases."

■ Where error is shown it is presumed to have worked injury to the party against whom it was committed, unless the contrary affirmatively appears from the record. In *DeLashmitt v. Journal Pub. Co.*, 166 Or 650, 661, 114 P2d 1018, 135 ALR 1175, this court, speaking through Mr. Justice ROSSMAN, stated:

> "When a requested instruction has been erroneously refused, prejudice is presumed. The party in whose favor the error was committed thereupon has the burden of overcoming the presumption by showing that the error did not in fact influence the verdict or that the record indicates that some other incident neutralized the error."

Also see *Fromme v. Lang & Co.*, 131 Or 501, 505, 281 P 120.

In *Galer v. Weyerhaeuser Timber Co.*, 218 Or 152, 344 P2d 544, this court held an instruction similar to the one here under attack "was erroneous and should

not have been given." However, the court stated:

"* * * At any rate, we are satisfied that the issues of fact were so few and so unimportant that the erroneous instruction did not mislead. We hold that the error was not prejudicial."

Contrary to the Galer case, supra, the issues of fact in the present case were vigorously contested throughout the trial and were not "unimportant." We cannot hold the error involved in the giving of the challenged instruction was not prejudicial.

██ In a second assignment of error plaintiff claims that the court erred in failing to sustain plaintiff's objection to the admission in evidence of defendant's exhibit No. 1, which was a copy of a "log report" made by a police officer who testified on behalf of plaintiff. The log report was used by the defendant for the purpose of impeaching the testimony of the police officer. The gist of plaintiff's objection was to the effect that the exhibit was not "the best evidence, because his testimony and also his original notebook constitutes the best evidence." Any document executed by a witness which contains statements which are contradictory to his prior testimony would be competent for impeachment purposes, even though the witness had prepared other and more complete documents. Since plaintiff made no objection on the ground the document was a copy, this matter cannot be considered under this assignment of error, which is held to be without merit.

█ A third assignment of error reads as follows:

"The court erred in failing to give the following requested instruction:

" 'The Oregon Statutes require that a motor vehicle driver before turning from the highway, must give proper signal of his intention to turn if the operation of any other vehicle may be

affected by the turn. The signal must be plainly visible to the drivers of all other vehicles which may be affected by the turn. The signal, when required, must be given either by means of the hand and arm, or by approved mechanical or electrical signal device. In this case there has been no evidence that defendant Donald Bourassa gave any signal by means of the hand and arm or by means of any mechanical signal device. Furthermore, there has been no evidence that the left-turn signals on the truck have been approved by the Motor Vehicle Department as required by law. Therefore, you are instructed that in this case no proper signal for a left turn was given by defendant Bourassa. Therefore, if you find that at the time and place of the accident a reasonably prudent driver in defendant Bourassa's position would have believed that the operation of the Oien car would be affected by a turn from the highway by the truck, then the defendant Bourassa was guilty of negligence as a matter of law and if you find that this negligence was one of the proximate causes of plaintiff's injuries, then your verdict shall be for the plaintiff.'"

It will be noted that the purport of this requested instruction is to advise the jury that as a matter of law the defendant failed to give any signal of his intention to turn to the left. In other words, the instruction advised the jury that there was no evidence that defendant gave any signal by means of the hand and arm or by means of any mechanical signal device and, furthermore, that there was no evidence that the left turn signals on the truck had been approved by the Motor Vehicle Department, as required by law. Under this instruction all the jury had to find in order to hold defendant guilty of negligence as a matter of law was that a reasonably prudent person in defendant's

position would have believed the operation of plaintiff's car would have been affected by the left turn from the highway made by defendant's truck. However, the record shows that there was also requested by plaintiff (not in an alternative form, so far as the record discloses) the following requested instruction:

"You are instructed that a motor vehicle driver, before turning from the highway must give a proper signal of his intention to turn if the operation of any other vehicle may be affected by the turn. The signal, when required, must be given continuously during the last 50 feet traveled by the turning vehicle before the turn is made, and the signal must be plainly visible to the drivers of all other vehicles which may be affected by the turn. The signal must be given either by means of the hand and arm or by an approved mechanical or electrical signal device. In this case there has been no evidence of any signal given by means of the hand and arm, or by means of any mechanical signal device. Therefore, if you find that at the time and place of the accident a reasonably prudent driver in defendant Bourassa's position would have believed that the operation of the Oien car would be affected by a turn from the highway, and if you further find that defendant gave no signal by an approved electrical signal device, or that if he gave such a signal it was not given continuously during the last 50 feet traveled by the truck before turning, or that it was not plainly visible to the driver of the Oien car, then you shall find that the defendant was guilty of negligence."

It will thus be noted that the last requested instruction requested the court to submit to the jury as an issue of fact whether "defendant gave (a) signal by an approved electric signal device * * * or if he gave such a signal, it was not given continuously during the last 50 feet traveled by the truck before turning * * *."

The instruction given by the court with reference to a left turn signal was as follows:

"Lastly, with regard to the question of signal, you are instructed that a motor vehicle driver, before turning from the highway, must give a proper signal of his intention to turn if the operation of any other vehicle may be affected by the turn. A signal, when required, must be given continuously during the last fifty feet travelled by the turning vehicle before the turn is made, and the signal must be plainly visible to the drivers of all other vehicles which may be affected by the turn. The signal must be given either by means of the hand and arm or by an approved mechanical or electrical signal device. If you find at the time and place of the accident a reasonably prudent driver in defendant Bourassa's position would have believed that the operation of the Oien car would be affected by a turn from the highway, and if you further find that the defendant gave no signal as required by the law just given you, or if he gave such a signal it was not given continuously during the last fifty feet travelled by the truck before turning, or that it was not plainly visible to the driver of the Oien car, then you should find that the defendant was guilty of negligence."

It will be observed that the plaintiff requested the court to give two instructions which were contradictory, inconsistent and diametrically opposed to each other. In the first instruction above set forth the plaintiff requested the court to instruct the jury that as a matter of law the defendant did not give any signal as required by law in turning his truck to the left, while in the second instruction requested by the plaintiff, the plaintiff requested the court to submit to the jury as a question of fact whether or not the defendant had given a left-turn signal (by an approved electrical signal device). The instruction given by the court discloses that the court submitted the issue to the jury as a

question of fact whether the defendant gave a signal as required by law at the time defendant made his left-hand turn.

In this posture of the case the following principle of law is applicable:

> "After a party submits to the court contradictory or inconsistent instructions, he cannot put the court in the wrong for giving one or the other; * * *. * * * If appellant presents two special charges on the same issue, he cannot complain if the court fails to select and give in charge the one the more favorable to him." 5 CJS 919, Appeal & Error § 1507(2).

> "A party will not be heard, on review, to allege error in instructions which were given at his request by the trial court; and it is immaterial that he asked for other instructions stating a different rule, which were refused and the rulings excepted to." 5 CJS 915-918, Appeal & Error § 1507(2).

In *Tetherow v. The St. Joseph & Des M. Ry. Co.*, 98 Mo 74, 85, 11 SW 310, 14 ASR 617, the Supreme Court of Missouri stated as follows:

> "* * * Without deciding upon the correctness of the refused instruction, we think the defendant was bound by the theory presented by the instructions given at its instance. The refusal of another, thus inconsistent therewith, was no error."

We hold that plaintiff, having requested contradictory and inconsistent instructions, cannot complain because the court failed to select and give one of the instructions instead of the other.

■ In a fourth assignment of error the plaintiff complains that the court failed to give an instruction which would have advised the jury that there was no evidence of any left-turn signal given by defendant by means of the hand and arm or by means of any mechanical signal device. It is conceded by the de-

fendant that there was no evidence that defendant gave a signal by either of the means mentioned. We hold, therefore, that the court should have eliminated from the consideration of the jury the question as to whether or not the defendant gave a signal of his intention to make a left-hand turn by means of the hand and arm or by means of a mechanical signal device.

■ In the final assignment of error which we feel called upon to consider the plaintiff complains that the court erred in denying plaintiff's motion for a new trial. As one of the grounds for the motion for new trial plaintiff alleged irregularity in the proceedings of the court and jury.

It appears from the motion for a new trial that the jury retired to deliberate about noon of May 27, 1958, and about 5 p.m. a discussion took place at the jury room door between the bailiff and one of the jurors. Apparently the jury wanted further instructions on the question of damages or desired to have some of the instructions on damages reread to them. The bailiff answered that the judge could not or would not give them further instructions. The bailiff could not recall which word he used; the bailiff then told the jury that they were "on their own." Shortly thereafter the jury announced that a verdict had been reached. The trial judge did not know of the conversation until after the verdict had been reached and the bailiff had no authority from the court relative to the statements he made to the jury.

The discussion which transpired between the bailiff and the jury is expressly forbidden by statute.

"* * * He [the bailiff] must not suffer any communication to be made to them [the jurors], nor make any himself, unless by order of the court,

except to ask them if they have agreed upon their verdict * * *." ORS 17.305.

"After the jury have retired for deliberation, if they desire to be informed of any point of law arising in the case, they may require the officer having them in charge to conduct them into court. Upon their being brought into court, the information required shall be given in the presence of, or after notice to the parties or their attorneys." ORS 17.325.

■ It was highly improper for the bailiff to disobey the explicit commands of the two statutes immediately above set forth and for him to attempt to exercise the discretion given to a trial judge with reference to the giving of further instructions. Such a discretion can be exercised only by a trial judge in the presence of, or after notice to, the parties or their attorneys. One of the purposes of the foregoing rule is to enable a party to preserve a record of the rulings made by the trial court. The sanctity of the jury and its freedom from outside influence must be jealously guarded by the court. Contacts between court officers and jurors, except as authorized by law, are not to be countenanced.

While it is not necessary for us to decide whether the improper conduct of the bailiff manifest in this case would alone demand a reversal of this cause, we again take the occasion to severely condemn such conduct and to advise trial courts to implicitly instruct the custodian of juries to follow the demands of the aforementioned statutes to the letter. Otherwise, any judgment tainted by improper contact with and supervision of the jury is in jeopardy of reversal. Since we hold that prejudicial error has been committed in the trial of this cause, it follows that the judgment heretofore rendered must be and it is hereby reversed, and the case is remanded for a new trial.