Argued October 5, affirmed October 26, petition for rehearing
denied November 22, 1966

# BOWLDS v. TAGGESELL PONTIAC COMPANY

419 P. 2d 414

*Steve Anderson* and *Douglas L. Hay,* Salem, argued the cause and filed briefs for the appellant.

*Myron L. Enfield,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Redding, Justices.

REDDING, J. (Pro Tempore).

This is an action to recover damages for personal injuries claimed to have been sustained through the negligent acts of the defendant. Plaintiff alleges that the defendant is a corporation engaged in the business of selling new and used automobiles from leased premises in Salem, Oregon.

The building in which the defendant conducts its business is located in the middle of the block on the east side of Liberty Street and is situated approximately twenty-one feet from the curb. The entire area between the building and the curb is paved and is

maintained by defendant for use as a walkway for customers entering and leaving its place of business. Within this paved area, and approximately seven feet east of the curb, a capped service pipe projected two to four inches above the pavement. Said pipe served as a heating oil intake for the heating facility serving the defendant's building. Except for light from a street light at an adjoining intersection approximately 100 feet distant, and the light emanating from defendant's showroom and from a sign approximately 12 or 14 feet above the ground on defendant's building, the area where the plaintiff alleges she fell was unlighted.

The gist of plaintiff's complaint is that at approximately 6:45 p.m., during darkness, on the evening of February 8, 1963, she alighted from a motor vehicle parked in Liberty Street in front of defendant's building. Plaintiff alleges that she intended, as a business invitee, to enter defendant's sales room; that as she walked across said paved area she tripped over said projecting service pipe, causing her to fall with resulting injuries, and that her injuries were caused by the negligence of the defendant in the following particulars:

A. Defendant invited plaintiff to use said paved area as a walkway when it knew, or in the exercise of reasonable care should have known, that the said projecting capped service pipe constituted a danger and hazard to persons upon said premises.

B. Defendant failed and neglected to keep said premises adequately lighted so as to enable said hazardous pipe to be readily visible.

C. Defendant failed and neglected to barricade said pipe or otherwise afford protection therefrom.

D. Defendant failed and neglected to warn plaintiff of the presence of said pipe on its premises.

E. Defendant carelessly and neglectfully failed to provide a reasonably safe place for plaintiff as a business invitee rightfully on said premises.

She further alleges the extent of her injuries and her damages.

Defendant filed an answer which amounts to a general denial of negligence on its part and of plaintiff's injuries, but admits its corporate existence and that it conducts business at the address stated in plaintiff's complaint; then, for an affirmative defense, alleges that at the time and place referred to in the complaint, plaintiff was negligent in that she failed to keep a lookout and failed to use care and caution for her own safety, and that such negligence on plaintiff's part proximately caused any injury which she may have then and there received.

The new matter in the answer was denied. The cause was tried to a jury. Plaintiff has appealed from an adverse judgment following a jury verdict in defendant's favor.

Plaintiff's brief contains three purported assignments of error. The first reads:

"The court erred, in response to the written request of the jury, to properly instruct on the point of law posed therein, in compliance with ORS 17.325."

After deliberating for approximately one and one-half hours, the jury, through its foreman, by written request, indicated a desire that it be instructed further. Whereupon, at the direction of the court, the jury re-

turned to the courtroom. The record discloses that the following occurred with counsel present:

"THE COURT: May I inquire who the foreman is?

"MR. MATTSON: I am.

"THE COURT: All right. You sent a note to me by way of the bailiff and I am uncertain as to what it means, Mr. Mattson. Would you care to state what the jury's problem is?

"MR. MATTSON: In discussing the different conditions that you mentioned in your instructions to us, there was some confusion amongst several of the jurors as to just what you meant, and we were discussing the problem of one party being negligent, or both parties being negligent, and what if this—both parties being negligent, does this cancel it?

"THE COURT: All right. What I will do then—and you can tell me whether or not you think I have answered the question that the jurors have in mind—is to go back over for you the forms of verdict that you have.

"You have two verdict forms. One finds for the plaintiff, and there is a blank space for a dollars and cents verdict. You would use that verdict form in the event that you found that the defendant was guilty of negligence which proximately contributed to the accident, that you find that the plaintiff was not guilty of contributory negligence, and third, that you find the plaintiff was injured as a result of this incident.

"Then the verdict in favor of the defendant, you would use in the event that you found that the plaintiff was negligent, and that you also found that the—that you found the defendant was negligent and you also found that the plaintiff was guilty of contributory negligence. Or, you would use the verdict form in favor of the defendant in the event that you found that the defendant was

negligent and the plaintiff was not, but you would also have found that the plaintiff was not injured as a result of the accident.

"MR. MATTSON: That's the one we meant.

"THE COURT: All right. You may retire for further deliberations and when you have arrived at a verdict, let the bailiff know."

The jurors thereupon retired to deliberate further upon their verdict, and the following proceedings were had, out of the presence of the jury:

"MR. RHOTEN: I should like the record to show, first, the note which the jury sent.

"THE COURT: I have given it to the clerk and it will be made a part of the record. I might state for the record at this time what this note says— I am quoting:

"'Please clarify your instructions as to negligence of one or both parties.'

"MR. RHOTEN: I at this time ask the Court to repeat to the jury that portion of your instructions which are part of the instruction which has to do with contributory negligence. * * *

\* \* \* \* \*

"MR. RHOTEN: * * * And particularly that part of it which is to the effect that 'such negligence would bar any recovery by the plaintiff.' I ask that your supplemental instructions be amplified by the reading of either the whole of instruction 11.01, or sufficient thereof to be definitive and understandable by the jury. That's all. Thank you.

"THE COURT: I am going to deny your request that I give the jury additional instructions. I think I told the foreman that I would attempt to answer the question, and if he had any questions when I had finished, he could advise me. I gather, from what the foreman said, that the question that

had been bothering the jury was answered by the additional instructions that I did give.

"Mr. Anderson, did you want to say anything?

"MR. ANDERSON: I think, your Honor, that just for the record, we will take an exception to any further reference to the verdict form, in the absence of complete instructions to the jury again on the items of negligence and contributory negligence.

"THE COURT: All right.

"MR. ANDERSON: Thank you."

Shortly thereafter, the jury returned a verdict for the defendant.

■ From the objection made, we cannot be certain precisely to what plaintiff objected. It would appear that the court merely repeated its instructions on the forms of verdict given earlier to which plaintiff voiced no objection. Obviously, plaintiff was not prejudiced thereby if the court's additional instructions were responsive to the inquiry made by the jury. *State v. Vaughn,* 200 Or 275, 265 P2d 249 (1954); *State v. Flett,* 234 Or 124, 380 P2d 634 (1963); *Oien v. Bourassa,* 221 Or 359, 351 P2d 703 (1960); *State v. Johnston,* 221 Iowa 933, 267 NW 698 (1936).

We are uncertain whether plaintiff objected to the court's reinstructing on the forms of verdict in the absence of complete reinstructions in conjunction therewith on the subjects of negligence and contributory negligence, or whether by the objection, it was plaintiff's contention that in reinstructing, no reference whatever should have been made to the forms of verdict, but rather in lieu of referring to the forms of verdict, the trial court should have instructed on the items of negligence and contributory negligence only, without reference to the form of verdict.

■ As so frequently is the case, the trial judge was uncertain from the jury's written request for further instructions precisely what the jury's question was. Being uncertain, the trial judge first determined who the foreman was, and in commendable fashion, made appropriate inquiry of the foreman as to precisely what the jury's problem was, to which the foreman replied: "* * * the problem of one party being negligent or both parties being negligent and what if this— both parties being negligent, does this cancel it?" It will be noted the jury did not ask to be reinstructed on the subject of negligence generally, or on the subject of contributory negligence, but rather inquired whether a finding of negligence on the part of both parties would (cancel it) prevent a recovery. We feel that the trial judge's instructions in response to the jury's question were appropriate and adequate. This conclusion is confirmed by the foreman's comment at the conclusion of the court's instructions, "[t]hat's the one we meant."

Plaintiff's second assignment of error reads:

"The court erred in failing to give Oregon Civil Jury Instruction 50.02 (Corporation Acts Through Agents), and Plaintiff's Special Requested Instructions 1, 2, 3, 5, 7, and 8."

■ Except for plaintiff's requested instruction No. 5, plaintiff fails to comply with Rule 19 of this court in effect at the time the appeal in this case was taken, to-wit, October 6, 1965, which required, as do the present rules of this court, that an assignment of error based upon failure to give a requested instruction must set out the requested instruction haec verba. Indeed, except for plaintiff's requested instruction No. 5, nothing in the record before us discloses precisely what plaintiff's requested instructions were. We will, there-

fore, consider only the court's failure to give plaintiff's requested instruction No. 5 which reads as follows:

"One who is invited to come upon premises to transact business with the occupant may assume, in the absence of circumstances which indicate or which reasonably should indicate, the existence of defects or dangers in the premises, that the premises are safe for the use to be made of them under the invitation. I instruct you that it is not contributory negligence for a business invitee upon premises to fail to look out for a danger when there is no reason for an ordinarily prudent person to apprehend a peril. If you find under the circumstances then and there existing that an ordinarily prudent person would not have kept a lookout for a pipe such as the evidence has established existed on the said premises, then you cannot find that plaintiff was contributorily negligent by failing to keep such a lookout."

While the trial court did not give plaintiff's requested instruction No. 5 in precisely the language requested, the court did instruct the jury upon the subject covered by said requested instruction as follows:

"It is the continuing duty of a person to keep and maintain a reasonable lookout. Now, a reasonable lookout means such as would be maintained by a reasonably prudent person under the same or similar circumstances. In determining this question, you may take into consideration the extent or degree of danger reasonably to be expected. A person does not comply with the duty to keep a reasonable lookout by simply looking and not seeing that which is plainly visible, and which would have been seen by a reasonably prudent person under the same or similar circumstances."

■ It appears to the court, both from plaintiff's written brief and from the oral argument, that plain-

tiff contends that less than ordinary and reasonable care, according to the circumstances of the case, is required of a plaintiff for his own safety when that plaintiff is a business invitee. We reject this contention. An annotation of this subject as it relates to the liability of a proprietor of a store, office or similar business premises for injury from a fall due to a defect in a floor or floor covering, may be found in 64 ALR2d 335, where the annotator, speaking of contributory negligence of business invitees, says (at p 381):

"None of the cases dealt with herein indicates any disagreement with the classic principle of the law of contributory negligence that the measure of care required of a person in the interest of his own safety is ordinary or reasonable care, according to the circumstances of the case."

The law which requires a plaintiff to exercise the measure of care for his own safety that would be exercised by a reasonably prudent person for his own safety in the same or similar circumstances does not change merely because the plaintiff is an invitee.

■■ The instruction given by the court accurately and adequately covered the applicable law. While plaintiff is entitled to present to the jury her theory of the case through the court's instructions, it is not error for the court to refuse to present those theories in the words desired by either of the parties so long as the instructions adequately and accurately state the applicable law. This is so despite the fact that the requested instruction submitted by plaintiff may have constituted an accurate statement of the law. *Wills v. Petros et al,* 225 Or 122, 357 P2d 394 (1960).

■ Plaintiff's third and only other assignment of error reads as follows:

"The court erred in denying plaintiff's motion for a new trial."

Denial of a motion for new trial based upon alleged errors committed on the trial, of which errors the appellant had knowledge at the time, may not be assigned as error on appeal. *Sullivan et al v. Carpenter,* 184 Or 485, 494, 199 P2d 655 (1948); *Shearer v. Lantz,* 210 Or 632, 312 P2d 581 (1957).

We are of the opinion that the trial was free from reversible error.

The judgment is affirmed.