Argued ,January 26, affirmed April 9, 1970

# STATE OF OREGON, *Respondent, v.*
# JACK TRUXALL, *Appellant.*
467 P2d 643

*Maxwell Donnelly,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Jacob B. Tanzer, Solicitor General, and Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

BRANCHFIELD, J.

This is an appeal by the defendant from a conviction on two counts of an indictment, both charging assault with a dangerous weapon.

While on routine patrol at approximately 4:30 a.m. February 17, 1968, a Multnomah County deputy sheriff discovered defendant and another person burglarizing a grocery store in Portland. When the deputy sheriff attempted to search them, they attacked. While the deputy struggled with the defendant, the other man struck him about the head with an iron jack handle. As the deputy was reeling from the beating, the burglars took his gun. Defendant pointed the gun at the deputy, ordered him into a walk-in food locker at the rear of the store, and warned him not to come out. The jury found the defendant guilty on each count of the indictment by a 10-2 verdict. The defendant was sentenced to concurrent ten-year terms on each count.

After the entry of the judgment, defendant filed a motion for a new trial on three grounds. He claimed that the court erred in permitting the state to introduce evidence on rebuttal concerning the identity of the other man involved in the burglary, that the court erred in receiving a verdict which was not unanimous, and that the defendant had discovered new evidence after the trial. His motion for a new trial was denied, and defendant assigned error in this court on the basis of that order.

■ Defendant has not properly raised his first two assignments of error. Those assignments do not contest the judgment, but instead challenge an order entered after the judgment. ORS 138.020 provides:

> "Either the state or the defendant may as a matter of right appeal from a *judgment* in a criminal action in the cases described in ORS 138.010 to 138.300, and not otherwise." (Emphasis added).

Numerous Oregon cases have followed the rule ex-

pressed in *Bowlds v. Taggesell Pontiac,* 245 Or 86, 96, 419 P2d 414 (1966), where it was said:

"＊   ＊   ＊   Denial of a motion for a new trial based upon alleged errors committed on the trial, of which errors the appellant had knowledge at the time, may not be assigned as error on appeal. *Sullivan et al v. Carpenter,* 184 Or 485, 494, 199 P2d 655 (1948); *Shearer v. Lantz,* 210 Or 632, 312 P2d 581 (1957).

■ In passing, we note that defendant has failed to comply with rules 18 and 29 of the Rules of Procedure of this court, by failing to include a statement of facts and the indictment in his brief. Briefs with such defects are subject to being stricken by the court.

We will consider the first two assignments of error in this case for reasons similar to those mentioned in *Clarizo v. Spada Distributing Co., Inc.,* 231 Or 516, 522, 373 P2d 689 (1962). The Supreme Court there said:

"The mistake made by appellant was to approach his subject by a circuitous route instead of by stating simply that the court erred in denying the defendant's motion for a nonsuit. However, the essential requirement of the rule—that the motion for a nonsuit be set out in full—has been complied with. Since the appellant has complied with the spirit of our rule we have concluded that he should not be penalized because the introductory portion of the assignment contains an unnecessary reference to the motion for a new trial and the motion for judgment *n.o.v.*"

The defendant in this case did object to the introduction of the testimony which was received on rebuttal and he did take exception to the instruction by the court that ten or more of the jurors could arrive at a verdict.

■ We will first dispose of the claim that error was committed in receiving a verdict of the jury which was less than unanimous. After the briefs were filed in this case, the Supreme Court decided the issue adversely to the defendant's contention in *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

The defendant took the witness stand in his own defense. He testified that on the night of February 16, 1968, he was with a man named Erwin Speer from about 10 o'clock at night until 2:30 or 3:00 on the morning of February 17th. He said that the two of them parted company at that time, and he spent the remainder of the night at a motel with his girl friend.

In rebuttal, the state then introduced evidence to the effect that Erwin Speer was one of the men in the grocery store at 4:30 on the morning in question.

■■ The trial court has broad authority to control the conduct of the trial. After defendant had taken the stand and admitted to being with Speer on the night of the crime, the fact that Speer was one of the assailants became significant. It was then appropriate for the state to argue and the jury to infer that if defendant and Speer were together earlier that night, they were still together at the time of the crime, notwithstanding defendant's testimony that he was elsewhere. The trial court did not abuse its discretion in this case when it admitted the evidence and instructed the jury to consider it for only the limited purpose of contradicting the defendant's alibi.

■ Defendant's third assignment of error is that the court mistakenly denied his motion for a new trial based upon newly discovered evidence. Applications for a new trial on such ground are not favored. *State v. Oland,* 1 Or App 272, 461 P2d 277 (1969);

*State v. Ellis,* 232 Or 70, 89, 374 P2d 461, 470 (1962); *State v. Davis,* 192 Or 575, 579, 235 P2d 761, 762-63 (1951). Nevertheless, denial of a motion for a new trial is subject to review if it is within one of the exceptions set forth in *Benson v. Birch,* 139 Or 459, 467, 10 P2d 1050 (1932). There the court said:

"* * * [T]here has always been a well recognized exception to the rule. Where a motion for a new trial is based upon a misconduct of the jury which did not come to the knowledge of the party making the motion for a new trial until after the verdict had been returned, or where there has been newly discovered evidence which was not known at the time of the trial and the matter has been presented to the trial court by motion for a new trial, in proper cases where the overruling of the motion was an abuse of discretion, this court has always reserved the right to consider and pass upon such ruling upon appeal."

A new trial is permitted by ORS 17.610(4) if there is newly discovered evidence, if it is material and if the party could not with reasonable diligence have discovered and produced it at the trial. In *State v. Edison,* 191 Or 588, 595, 232 P2d 73, 77 (1951), the Supreme Court set forth the requirements for a new trial based upon newly discovered evidence:

"* * * [I]t must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as, with due diligence, could not have been discovered before the trial; (4) it must be material to the issue; (5) it must not be merely cumulative; (6) it must not be merely impeaching or contradicting of former evidence. § 5-802, OCLA; * * *." See also *State v. Davis,* 192 Or 575, 579, 235 P2d 761 (1951).

■ The new evidence which defendant sought to use

as the basis for a new trial consisted principally of an affidavit signed by defendant's girl friend to the effect that she and the defendant had gone to a motel early in the morning at "approximately" the date of February 17, 1968, and that they had remained together in the motel until after 10:30 that morning. Defendant knew or should have known the potential value of the witness in his behalf if she had, in fact, been with him on the night in question and could so testify. Defendant testified that he had corresponded with her prior to the trial. Yet the record reveals no effort to compel her appearance. It is true that the woman's affidavit was to the effect that her recollection was subsequently refreshed by information related to her by defense counsel after the trial, but this only underscores defendant's lack of diligence before the trial to ascertain what her testimony would have been. Furthermore, it appears from her affidavit that even after her recollection was refreshed, she was unable to testify positively as to what night she and the defendant were together. Such indefinite evidence was not likely to change the result, it was not discovered since the trial, and the defendant did not exercise due diligence in obtaining it. The trial court did not err when it denied the motion for a new trial.

Affirmed.