Argued January 17, affirmed February 4, petition for rehearing
denied March 7, petition for review
denied April 25, 1972

STATE OF OREGON, *Respondent, v.* AUTHOR
REX HOWELL (No. 21157), *Appellant.*

493 P2d 733

324

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

The defendant appeals from a conviction of burglary not in a dwelling. ORS 164.240. On appeal he contends (1) the evidence against him was not sufficient to present a jury question, and (2) that the court erred in its instructions to the jury.[1]

---

[1] The defendant's brief does not set out assignments of error under separate and appropriate headings (Rule 2.35) or contain a proper index containing page references to the assignments of error (Rule 2.20(1)), and meanders into a repetition of these

A La Grande jewelry store was burglarized be-
tween the time it closed on Friday, December 11, 1970,
and opened on Monday, December 14, 1970. Various
items of jewelry were stolen. The defendant and two
other men, Luna and Lumpkins, were seen together in
and near La Grande at various times and places both
on the Friday before the burglary and during the
weekend. There was evidence that the three were to-
gether in a motel room over the weekend, and a job
envelope like those used in the jewelry store was found
in the room.

■ On December 14, the defendant, accompanied by
Lumpkins, pawned some of the stolen jewelry in Spo-
kane, Washington. On December 17, the defendant
and Lumpkins were arrested while in Lumpkins's
automobile. More of the stolen jewelry was found in
the automobile at that time. The evidence was suffi-
cient to create a jury question on the issue of whether
or not the defendant participated in the breaking and
entering. *State v. Higgins,* 1 Or App 84, 459 P2d 452
(1969).

■ We turn now to the issues concerning the in-
structions.

The court instructed the jury:

"A finding that defendant was in possession
of stolen property shortly after it was stolen sup-

assignments of error by way of claiming as error the court's
failure to grant a new trial.

  " '* * * Denial of a motion for a new trial based upon
alleged errors committed on the trial, of which errors the
appellant had knowledge at the time, may not be assigned as
error on appeal. *Sullivan et al v. Carpenter,* 184 Or 485, 494,
199 P2d 655 (1948); *Shearer v. Lantz,* 210 Or 632, 312 P2d 581
(1957).' " State v. Truxall, 2 Or App 214, 217, 467 P2d 643
(1970).

ports an inference that the defendant participated in breaking and entering the place where the property had been kept with intent to steal it."

Assuming *arguendo* that this instruction was incomplete or otherwise erroneous the error was not properly preserved. The transcript shows that all that was said about it to the trial judge was:

"The Court gave the instruction which is supported by State vs. Higgins, I don't know the number. It has to do with the possession of property stolen, supports an inference that the defendant participated in breaking and entering the place where property was kept with intent to steal it."

Whatever the purpose of that comment was, it was not an objection which fairly informed the trial court what the defendant contended was wrong with the instruction. *State v. Jorgensen,* 8 Or App 1, 492 P2d 312 (1971) Sup Ct *review denied* (1972).

■ The defendant also claims that it was error to fail to give his requested instruction which read:

"You cannot render a verdict of guilty against the defendant * * * merely because you come to the conclusion that he may have committed the crime of receiving stolen property * * *."

There was no error in failing to give this instruction in view of the fact that the court instructed the jury that the defendant was charged only with the crime of burglary, that he could not be found guilty of any other offense, and that in order to find the defendant guilty of burglary the jury had to find beyond a reasonable doubt that, *inter alia,* "the defendant broke and entered the building described in the indictment."

■ The remaining issue concerning the instructions is with regard to the court's failure to give an in-

struction requested by the defendant which would have emphasized that acts which "aid and abet" a crime must occur "before or during" as distinguished from "after" the commission of a crime. The court did instruct the jury on this issue as follows:

> "* * * The term 'to aid and abet' another in the commission of a crime means to advise, procure or encourage the commission of a crime knowingly and with criminal intent *before or during* its actual commission * * *." (Emphasis supplied.)

We know of no rule of law which entitles a party to emphasis of an instruction by repetition.

Affirmed.