Argued January 17, affirmed February 4, petition for rehearing
denied March 7, petition for review denied
April 25, 1972

## STATE OF OREGON, *Respondent, v.* AUTHOR REX HOWELL (No. 21441), *Appellant.*

493 P2d 735

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

This is a companion case to *State v. Howell,* 8 Or App 323, 493 P2d 733, decided by opinion and handed down today, in which we affirmed the conviction of Howell for burglary. The case at bar is an appeal by Howell from the enhanced penalty imposed upon him as a consequence of the burglary conviction because of previous felony convictions.

Upon his conviction on the burglary charge the court imposed a sentence of not to exceed four years' imprisonment. The district attorney then instituted enhanced penalty proceedings and at the hearing produced a record of four previous out-of-state felony convictions. The trial judge then increased the term of imprisonment from four years to 10 years, which is the maximum sentence that could have been imposed for the burglary in the original proceedings.

The defendant contends that for various reasons all four previous convictions were invalid. The trial judge did not make specific findings as to each of these convictions, but from the extensive colloquy that took place between court and counsel we glean the following:

(1) The trial judge tentatively found all four convictions valid and that he was therefore authorized to consider all of them in assessing an enhanced penalty under ORS 168.085;

(2) Further colloquy ensued which raised some doubts in his mind about some of these convictions;

(3) He then decided that at least one of the convictions was valid for the purposes of imposing an enhanced penalty;

(4) He then decided to impose an enhanced penalty based on one previous conviction, stating:

"Well, I know it is difficult. The Court is not convinced from the testimony of the defendant that his constitutional rights were violated, in particular in the case which was tried by a jury, the burglary and stealing case which the defendant claims his rights were violated by reason of his testimony that the jury was in charge of the sheriff who testified. This evidence does not convince the Court that this constituted any error or any violation of a constitutional right. So I think in any event, the Court is convinced that this one case is sufficient."[1]

The record being adequate to support the trial court's finding on this conviction, we will not disturb it on appeal.[2] *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). The sentence imposed is consistent with our interpretation of the trial judge's comments as indicating that he considered the defendant as having only one previous felony conviction cognizable under ORS 168.015(3)(c).[3] In the course of the colloquy

---

[1] The evidence offered did not even intimate any improper conduct by the sheriff.

[2] From the record before us it is hard to conceive of a finding of invalidity as to two of the other three convictions. There is serious doubt about the fourth one. However, no purpose would be served by going into these matters here.

[3] ORS 168.015(3)(c) provides:

"(3) Except as provided in subsection (4) of this section, 'former conviction of a felony' means:

"(c) Former conviction by a general court-martial of the United States or in a court of any other state or territory of the United States, or of the Commonwealth of Puerto Rico, of an offense which at the time of conviction of the offense

prior to sentencing the court recited the provisions of ORS 168.085 to the effect that one former conviction supports imprisonment for a term not more than twice the longest term otherwise prescribed for the principal felony (here 20 years), and that three or more former convictions authorized a life sentence. He then imposed a sentence only half the length he could have imposed based on one previous conviction.

Affirmed.

was punishable by death or by imprisonment in a penitentiary, prison or similar institution for a term of one year or more and which offense also would at the time of conviction of the principal offense have been a felony if committed in this state."