Argued November 28, affirmed December 17, 1973, reconsideration denied January 23, petition for review denied February 20, 1974

# STATE OF OREGON, *Respondent, v.* JOHN WILLIAM DOWELL (No. 73 2045), *Appellant.*

516 P2d 1305

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

1. Upon trial by jury, defendant was found guilty of burglary in the first degree, ORS 164.225. The sole assignment of error on appeal concerns the following instruction given by the trial court:

> "* * * Every witness is presumed to speak the truth and this presumption may be overcome by the manner in which a witness testifies. A witness found to be intentionally false in a part of his or her testimony, is to be distrusted in regard to the other parts thereof."

The only witnesses were the aggrieved householder whose property was stolen, and the police officers who discovered, arrested and questioned defendant. The defendant offered no evidence.

The defendant argues that the challenged instruction was prejudicially incomplete in that it did not state that the presumption of truth on the part of a witness may be overcome by "evidence affecting his character or motives, or by contradictory evidence." *See,* ORS 44.370;[1] *State v. Kessler,* 254 Or 124, 458

---

[1] "A witness is presumed to speak the truth. This presumption, however, may be overcome by the manner in which he testifies,

P2d 432 (1969); *State v. Naughten,* 3 Or App 241, 471 P2d 830, Sup Ct *review denied* (1970).⑭

There was no contradictory evidence. The testimony of each of the witnesses was consistent with the testimony of the others. The language that defendant contends should have been incorporated into the instruction would have been abstract in this case.

■ Furthermore, the exception taken did not fairly apprise the trial court of the claimed error, and thereby give it the opportunity to make corrections if necessary. The exception was:

"I would also except to the instruction regarding the witness presumed to speak the truth. I understand that there is some question about the extent that was given, but I would except to that in any event * * *."

"Whatever the purpose of that comment was, it was not an objection which fairly informed the trial court what the defendant contended was wrong with the instruction * * *." *State v. Howell,* 8 Or App 323, 326, 493 P2d 733, Sup Ct *review denied* (1972).

Affirmed.

---

by the character of his testimony, or by evidence affecting his character or motives, or by contradictory evidence. Where the trial is by the jury, they are the exclusive judges of his credibility." ORS 44.370.

⑭ *See,* Cupp v. Naughten, 414 US 141, 94 S Ct 396, 38 L Ed 2d 368 (1973).