Argued July 16, affirmed August 26, reconsideration denied
October 2, petition for review denied November 13, 1974

# STATE OF OREGON, *Respondent, v.* FOWLER
## ET AL, *Appellants.*
### 525 P2d 1061

*James Scudder,* Portland, argued the cause and filed the brief for appellants.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

TANZER, J.

Three individuals and two corporations were convicted upon a consolidated trial of six indictments of violations of the Oregon Subdivision Control Law,[1]

---

[1] The Subdivision Control Law has since been repealed, Or Laws 1973, ch 421, and reinstated in substantially similar form, Or Laws 1974 Spec. Sess., ch 1.

and sentenced as misdemeanants to pay fines and abide by special conditions. They appeal. Former ORS 92.230 (1), the prohibitory section of that law, provides:

"No person shall offer any subdivided lands for sale or lease * * * without having complied with all the applicable provisions of ORS 92.210 to 92.390."

The indictments are all in similar form. A typical one charges the basic violation and then specifies the alleged failures of statutory compliance:

"The said defendants, on or about April 14, 1971, in the County of Multnomah, State of Oregon, did unlawfully and knowingly, as subdivider or agent thereof, offer subdivided lands for sale to one John T. Baxter and Mary E. Baxter, husband and wife, located in the west half of Section 28, Township 1 north, Range 5 east of the Willamette Meridian without having complied with the Oregon [S]ubdivision Control Law as required in Oregon Revised Statute 92.230 (1) in that the said defendants did:

"(1) Fail to file notice of intent to subdivide [ORS 92.240], and

"(2) Fail to obtain public report [ORS 92.290], and

"(3) Fail to comply with conditions precedent to sales of parcels [ORS 92.310], and

"(4) Fail to disclose that said property was not lawfully approved for sale and that in order to develop said property sanitation permits were required and that such permits were not obtainable [ORS 92.230], and

"(5) Fail to submit preliminary plans to the State or local Health Officer for proposed domestic water supply and sewage disposal facilities for said property [ORS 92.340], and

"(6) Use a misleading advertisement to pro-

mote sale of subdivided land, in that said defendant did display a 'For Sale' sign upon said property when said property could not be lawfully sold and did display a plat map of said subdivision to designate lots to be sold [ORS 92.350].

contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The parallel indictments flow from the sales of six lots comprising a subdivided parcel of land in eastern Multnomah County. Defendant Smith purchased the parcel and sold the six lots. Title generally flowed through Smith's corporate entity, defendant Scenic Sites, Inc. Defendant Fowler is a real estate agent who handled the sale of the parcel to Smith and the sales of the lots by Smith. Defendant Hollingsworth, a real estate agent employed by Fowler, showed two of the lots to their buyers and, under Fowler's supervision, prepared the papers and received commission on one sale. Defendant Country Realty Company is the corporate entity through which Fowler and his wife conduct their business. Other defendants were acquitted upon motion.

Defendants assign as error the denial of their motions for directed verdict, which may be regarded as motions for judgment of acquittal, ORS 136.445, asserting several contentions.

■ Defendants Fowler, Hollingsworth and Country Realty Company first contend that they cannot be liable for violation of ORS 92.320 because only the owner can "offer" his lands for sale and the real estate agent can neither offer nor bind his principal to an offer, but can only solicit offers to purchase and submit them to his principal.

■■ A broad definition of "offer" might well be warranted by the broad policy of consumer protection which underlies the Subdivision Control Act,[2] and the common intricate involvement of real estate agents in the offering of subdivided lands to the public. However, no such statutory interpretation is required for the disposition of this case. The trial court ruled correctly that there was evidence to prove that the defendants were liable as aiders and abettors who, by finding buyers and handling the sales transactions, enabled Smith to "offer" his "subdivided lands for sale" and they are thus liable as principals. ORS 161.155 (2) (b).

Defendant Hollingsworth particularly contends that her motion for judgment of acquittal should have been granted because her involvement was less than defendant Fowler's, but her activities were sufficient to go to the jury on a theory of aiding and abetting. Her lesser involvement was properly reflected in her lesser sentence rather than by dismissal despite evidence sufficient to go to the jury.

■■ ■ Defendants claim that the state failed to negate the applicability of the statutory exemption of certain lands from the Subdivision Control Law.[3] Al-

[2] ORS 92.220 (1) provides:

"The Legislative Assembly finds that vast tracts of marginal or submarginal lands in this and other states have been and are now being subdivided and offered to the public as investments and potential residential and commercial property, that the development of new subdivisions and the promotion of sales and leases of such property are now largely uncontrolled and unregulated in this state and that a need exists to protect the public from fraud, deceit and misrepresentation."

[3] ORS 92.230 (2) provides:

"(2) ORS 92.210 to 92.390 do not apply to the sale or leasing of:

"* * * * *

though it is generally the defendant's burden to prove the applicability of an exception, *State v. Hawkins,* 255 Or 39, 45, 463 P2d 858 (1970); *State v. Alexander,* 6 Or App 526, 531-533, 487 P2d 1151, *rev den* (1971), we need not so decide in this case. Defendants did not assert this contention as a ground for their motion for judgment of acquittal. The case was tried with defendants' acquiescence upon the theory that defendants were obligated to prove the exception. Defendants attempted unsuccessfully to do so during their case-in-chief. Not until the submission of requested instructions did defendants contend that the state was required to prove the non-applicability of the exception. That was too late a stage of the trial at which to attempt to change the law of the case. Their renewal of the contention upon motion for new trial and arrest of judgment does not establish it for appellate review.

"(c) Subdivided lands in Oregon containing less than 20 separate lots or parcels, which * * * have met the following conditions:

"(A) Each lot is situated on a dedicated road or street constructed to the specifications of the county commissioners of the county or the governing body of the municipality which has accepted such road or street for maintenance; and

"(B) The subdivision has drainage structure and fill necessary to prevent flooding, which structures and fill have been approved by the county commissioners of the county or the governing body of the municipality; and

"(C) Electric power is available at or near each lot; and

"(D) Domestic water supply and sanitary sewage disposal are available at or near each lot, meeting the requirements of the State Board of Health, the Environmental Quality Commission and, in the case of septic tanks, the local health department of the county in which the land is situated."

The state conceded that subsubsections (B) and (C) were complied with, but defendants' evidence made it clear that (A) and (D) were not. The above quotation appears as the statute existed at the time of the events herein. Since then the reference to the State Board of Health has been deleted. Or Laws 1974 Spec. Sess., ch. 1.

*State v. Truxall,* 2 Or App 214, 216-217, 467 P2d 643 (1970).

■ ■ Defendants next assert that each of the specifications of the indictment had to be proved since they were connected with the conjunctive "and." Specifications are added to an indictment in anticipation of proof to assist the preparation of the defense. Proof at trial, however, may not conform in all respects to the anticipation. Therefore, although specifications may be alleged in the conjunctive, that does not obligate the state at its peril to prove each one. The proof of any one is sufficient to make out the crime. *State v. Montieth,* 247 Or 43, 48, 417 P2d 1012, *cert denied* 386 US 780 (1967). Here there was proof regarding each allegation and the case was properly submitted to the jury on a conjunctive basis.

■ Defendants contend that there was no proof as to which defendant performed which specified act or omission. The statute makes the seller liable for the offer of land without statutory compliance and the real estate agents were liable either directly or as aiders and abettors.

■ ■ Finally, still in support of the motion for judgment of acquittal, defendants argue that ORS 92.230, is ambiguous and, we infer, therefore void for vagueness, but it clearly is not. The case was properly submitted to the jury.

Defendants also assign as error the refusal of the trial court to give certain requested instructions. Some of those requested instructions were incorrect for reasons stated above. Others were either irrelevant or called for comment on the evidence. The trial court

properly instructed the jury under the statutes. Other assignments of error deal with claims of technical errors which in no way affect the substantive or procedural rights of the parties. We see no public advantage in discussing these remaining assignments.

Affirmed.