Argued August 19, affirmed September 27, reconsideration denied
November 3, petition for review denied December 21, 1976

STATE OF OREGON, *Respondent,*
*v.*
FIDELIS JOHN WILSON, JR., *Appellant.*
(No. C 75-11-3558 Cr, CA 5851)

554 P2d 636

*Robert C. Cannon,* Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was convicted of criminal activity in drugs, ORS 167.207. He appeals the denial of his motion for a new trial based on newly discovered evidence.

The essential facts were the following:

On August 3, 1975, Cheryl Ledbury, a neighbor of defendant, called Art Burger, an undercover police officer assigned to narcotics. The substance of the conversation is unclear but apparently Ledbury was upset with defendant for allowing her two children into his apartment while marihuana was being smoked and informed Officer Burger that defendant was involved with drugs. Based on this tip Officer Burger went to the apartment complex in which defendant and Ledbury lived and, during the course of the evening, Burger and defendant decided to go to a neighborhood store for beer. The uncontroverted testimony of Officer Burger at trial established that, while en route to the store, Burger asked if defendant had cocaine for sale. Defendant replied that he did, and when they returned to the apartment complex the transaction was completed.

Defendant's sole defense at trial was entrapment. Defense counsel sought to establish this defense by impeachment of Ledbury. Prior to trial, defense counsel subpoenaed Ledbury and her sister, Pam Brown. Brown did not show up at trial but subsequently gave defense counsel an affidavit indicating that, contrary to Ledbury's testimony at trial, Ledbury had met Officer Burger about eight months prior to the telephone call; that she had told Brown that she was going to "set up" defendant for a "drug bust"; and that she told Brown that she had been advised by "her lawyer" and Burger not to talk to defense counsel. Defendant claims that the "new evidence" in Brown's affidavit is relevant to the entrapment defense and requires a new trial.

[ 917 ]

■ The notion of entrapment focuses on the predisposition of the defendant to commit the crime. It is only when the government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play. *United States v. Russell,* 411 US 423, 93 S Ct 1637, 36 L Ed 2d 366 (1973). Merely affording the actor an opportunity to commit an offense does not constitute entrapment. *State v. Korelis,* 21 Or App 813, 822, 537 P2d 136, *aff'd,* 273 Or 427, 541 P2d 468 (1975).

■ Motions for a new trial based on newly discovered evidence are addressed to the discretion of the trial court and are not favored. *State v. Clayton,* 11 Or App 534, 504 P2d 139 (1972). The standard for determining whether a new trial is warranted is ORS 17.610 as interpreted in *State v. Williams,* 2 Or App 367, 468 P2d 909 (1970).

> "In applying the requirements for allowance of a new trial, it seems most reasonable to consider them as only three separate requirements. Any application for new trial must meet the first three requirements: (1) (probably change the result), (2) (discovered since trial) and (3) (could not have been discovered before the trial by due diligence). *State v. Truxall,* 2 Or App 214, 467 P2d 643 (1970). Requirements (4) (material to the issue), (5) (not cumulative) and (6) (not merely impeaching or contradictory of former evidence) should only be considered part of requirement (1). If the answer to requirement (1) is affirmative, requirements (4), (5) and (6) should not prevent the granting of a new trial, for to do otherwise would be letting procedure and form trample over merit and substance." 2 Or App at 372-73.

■ The claimed inconsistencies between testimony at trial and the allegations in Brown's affidavit have little or no bearing on defendant's predisposition to commit the crime for which he was convicted. The fact that Ledbury may have indicated she intended to "set up" defendant for a "drug bust" in this context means little more than that she intended to call the police. That evidence is also cumulative. Defendant

[ 918 ]

introduced stipulated testimony at trial by the apartment complex manager that included the statement that " * * * she told me she was mad at Mr. Wilson and she and her sister Pam were going to set him up for a drug bust."

█   It is well settled in Oregon and elsewhere that a witness may not be impeached by producing extrinsic evidence of facts to contradict an assertion on a collateral matter. *State v. Johnson,* 26 Or App 565, 553 P2d 1078 (1976); McCormick, Evidence 97, § 47 (2d ed E. Cleary 1972). The fact that Officer Burger met Ledbury eight months prior to telephoning him, if true, would not be relevant to the issue of defendant's predisposition to commit the crime. Moreover, defendant's 'newly discovered evidence,' even if it were admissible, does not establish entrapment. It follows that the trial court did not abuse its discretion in denying defendant's motion.

Affirmed.